FERRY v. TROY LAUNDRY CO. et al.

(District Court, D. Oregon. January 2, 1917.)

No. 7106.

1. DIVORCE ⊕⊃327—FOREIGN DIVORCE—DECREE—FULL FAITH AND CREDIT.
    A decree of 'divorce rendered by a territorial court in a suit between
nonresidents, when the territorial statute permitted only residents to
sue, was a nullity, and not entitled to full faith and credit under the
federal Constitution (article 4, § 1).
    [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 831–834; Dec.
    Dig. ⊕⊃327.]

2. DOWER ⊕⊃50—RIGHTS OF WIFE—ESTOPPEL.
    Where neither party to a divorce suit was a resident of the territory in
which it was instituted as required by the statutes thereof, but the wife,
who was the original defendant, expressly admitted the allegation that
her husband was a resident, and thereafter, in accordance with a stipula-
tion which provided therefor and disposed of the property between the
parties, filed a cross-complaint on which she was granted a divorce and
executed deeds to the property in return for property valued at $50,000,
she thereby estopped herself from attacking the validity of the divorce
decree after the death of her former husband and claiming a dower in-
terest in the property as against purchasers who had acquired title on the
faith of the record as it had been constructed by her, especially where
her subsequent suit in the territory to set aside the divorce decree for
fraud had been dismissed and the dismissal affirmed by the Supreme
Court.
    [Ed. Note.—For other cases, see Dower, Cent. Dig. § 99; Dec. Dig.
    ⊕⊃50.]

3. ESTOPPEL ⊕⊃52—"EQUITABLE ESTOPPEL"—REQUISITES.
    An "equitable estoppel" arises whenever one by his acts, representa-
tions, or admissions, or by his silence when he ought to speak, intention-
ally or through culpable negligence induces another to believe certain
facts, and the other relies and acts thereon so as to be prejudiced if the
former is permitted to deny the existence of that fact.
    [Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 121–125, 127;
    Dec. Dig. ⊕⊃52.
    For other definitions, see Words and Phrases, First and Second Series,
    Estoppel In Pais.]

In Equity. Suit for admeasurement of dower by Evelyn P. Ferry
against the Troy Laundry Company, an Oregon corporation, and the
Hibernia Savings & Loan Society, a California corporation. On mo-
tion to strike the further and separate answers. Motion granted in
part and denied in part.

James G. Wilson and George B. Guthrie, both of Portland, Or.
(Rockwood & Haldane, of New York City, of counsel), for complain-
ant.

Fulton & Bowerman, of Portland, Or., for defendants.

WOLVERTON, District Judge. This is a suit for admeasurement
of dower, the complainant claiming, in pursuance of the statute of
Oregon, an undivided one-half interest during her natural life in
and to the north half of block 8 of East Portland, in Multnomah

⊕⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

county, state of Oregon. Jurisdiction of this court is based upon two grounds, namely, diversity of citizenship and a federal question whereby, it is alleged, is drawn in question the full faith and credit clause of the federal Constitution. The defendants have answered, setting up that, in a suit for divorce originally commenced in the district court of the Second judicial district of Washington Territory, by Clinton P. Ferry against the complainant herein (defendant therein), the said defendant by cross-complaint procured a decree of divorce against the said Clinton P. Ferry, in which their property rights were adjusted in pursuance of a stipulation of the parties, and there was an exchange of deeds for further assurance; that thereafter, to wit, about October 2, 1893, the complainant herein instituted another suit, in the superior court of the state of Washington, in and for Pierce county, against Clinton P. Ferry, the purpose being to set aside and annul the decree of divorce and the consequent adjustment thereby of the property rights of the parties, on the grounds: First, that the court rendering the decree was without jurisdiction of the parties, neither of whom was, at the time, domiciled in the territory of Washington; and, second, that Clinton P. Ferry was guilty of fraud in concealing from complainant a large quantity of his property, thereby inducing her to enter into the stipulation for a division of their property and to execute on her part the deed for further assurance, whereby she attempted to convey to Clinton P. Ferry the property in question with other realty; that the cause was, on demurrer to the bill, decided against her; and that an appeal from the decree thus rendered was taken to the Supreme Court of the state, and there affirmed.

The facts upon which this latter cause was based are succinctly set forth by the Supreme Court (Ferry v. Ferry, 9 Wash. 239, 37 Pac. 431), and it is unnecessary that I restate them in full here. Some of them will be referred to later.

The answer further shows that, at the suit of Clinton P. Ferry, notices of lis pendens filed in the counties in Oregon, wherein Ferry was possessed of real property, were canceled.

It is claimed for this record, and the participation therein of the complainant, that it is both a bar and an estoppel to her prosecution of the present suit. The first further and separate answer sets up the bar and the second the estoppel. The answers are challenged by a motion to strike.

The question presented by the first further and separate answer is whether the decree of divorce rendered by the Washington territorial court is entitled to full faith and credit in Oregon. The complainant insists that it is not, by reason of the fact, which may be conceded, that neither of the parties was, at the time of the commencement of the suit, nor at the date of the entry of the decree, domiciled in the territory of Washington, and hence that the court was without jurisdiction to entertain the cause.

[1] By the statute of the territory as it existed at that time, any person who had been a resident of the territory for one year was entitled to sue for annulment, by decree of divorce, of his or her

marriage relation, in any county where he or she might reside. Section 2002, Washington Code for 1881 and 1883 (citation is from plaintiff's brief). Under such a statute, neither the plaintiff nor the defendant in that suit was entitled to sue in the territory for divorce. Not being so entitled to sue, it is settled by the adjudications of the United States Supreme Court that the decree was a nullity, and not entitled to full faith and credit in another state or territory under the full faith and credit clause of the Constitution, and hence the decree is not a bar to the complainant's present action here. Atherton v. Atherton, 181 U. S. 155, 21 Sup. Ct. 544, 45 L. Ed. 794; Andrews v. Andrews, 188 U. S. 14, 23 Sup. Ct. 237, 47 L. Ed. 366.

Complainant also insists that the proceedings in the Washington territorial and state courts cannot operate as an estoppel, because she had no right to claim dower until her husband's death, which occurred July 31, 1909, and the statute of limitations, which is 10 years in this state, has not yet run.

[2] Clinton P. Ferry conveyed to Phillip Buehner December 15, 1897, and Buehner and wife to the Troy Laundry Company about January 1, 1899. The defendant Hibernia Savings & Loan Society acquired by mortgage whatever right it has in the premises from the Troy Laundry Company about May 31, 1913.

It will be noticed, from the statement of the case of Ferry v. Ferry in the Washington State Supreme Court, that after the husband had instituted suit for divorce in the territorial court, complainant herein appeared, and, after negotiations between the parties, they entered into a stipulation, bearing date October 5, 1889, by the terms of which it was agreed that plaintiff should amend his complaint, modifying the charges against defendant, and that defendant should file a cross-complaint against plaintiff, alleging as cause for divorce "mild grounds to be agreed upon by counsel for both parties," and that the property questions should be settled by a complete scheme then specifically set out and adopted. It was further agreed that the parties should execute and deliver mutual deeds for the further assurance of title. These deeds were executed and placed in escrow October 15, 1889, and the decree of divorce was granted on the 21st of the same month, when the deeds were delivered to the grantees, respectively. The Supreme Court says, "The terms of the stipulation were carried out literally." Complainant received from Ferry property of the estimated value of $34,000, $10,000 in money and $6,000 in installments for support of the minor child. The court examined with great care the allegations of fraud relied upon for annulling the decree, and declared that the defendant was not entitled to relief, either for want of jurisdiction in the territorial court to render the decree, or on account of any fraud perpetrated by the plaintiff respecting his property holdings. The lis pendens was subsequently canceled by decree of the court, and the complainant has never since, so far as the record shows, asserted or claimed that she was still the lawful wife of Clinton P. Ferry until this suit was instituted.

Is the complainant estopped by this record, and her acts in connection with it, from now controverting title to these premises in the

defendants? The answer, upon principle and prompted by the clearest dictates of justice and right, should be in the affirmative. What the complainant has done and permitted to be done in connection with this record, and by which it was prompted and effectuated, ought to put the seal upon her lips to say aught against the sufficiency of the defendants' claim of title. Clinton P. Ferry in the divorce action alleged that he was, and for more than 1 year previous to the institution of the same had been, a resident and inhabitant of the territory. In her answer, complainant specifically admitted this allegation. Thereupon she entered into the stipulation for an accommodation of the property rights, in connection with which she executed her deed for further assurance, which describes, among other lands, the premises in dispute. Thereupon the divorce was granted her against her husband in accordance with the prayer of her cross-complaint, and she received property from him amounting to $50,000, including the $6,000 for the support of the minor child. The deed was delivered to her husband, and was recorded in Oregon in the county in which the land in dispute lies. Thus was consummated a record, fair and clear upon its face, and one upon which one dealing with the title in Ferry had a right to rely, and so consummated through the acts and connivance of complainant.

[3] The record, with the acts and conduct of complainant in connection with it prompting its consummation, presents all the insignia of an equitable estoppel, or an estoppel in pais against complainant, and especially in favor of the defendants as it respects the title to the premises in dispute. The defendants were in privity with Clinton P. Ferry. They purchased, relying upon the record, and it goes without saying that they were induced so to do by reason of complainant's acts in so constructing the record as to show a clear title in Ferry, and one which upon its face he had good right to convey in fee simple to whomsoever he chose, free and clear of any inchoate right of dower whatsoever in complainant. An equitable estoppel, or estoppel in pais—

"arises when one by his acts, representations or admissions, or by his silence when he ought to speak out, intentionally or through culpable negligence induces another to believe certain facts to exist and such other rightfully relies and acts on such belief, so that he will be prejudiced if the former is permitted to deny the existence of such facts. It consists in holding for truth a representation acted upon, when the person who made it, or his privies, seek to deny its truth, and to deprive the party who has acted upon it of the benefit obtained." 16 Cyc. 722–724.

The doctrine has the support of adjudicated cases. Dickerson v. Colgrove, 100 U. S. 578, 25 L. Ed. 618; Leather Manufacturers' Bank v. Morgan, 117 U. S. 96, 6 Sup. Ct. 657, 29 L. Ed. 811. It is true that the doctrine will be allowed to shut out the truth only when necessary to do justice, and never where it would itself operate as a fraud, or work injustice. But its application here is manifestly calculated to promote the ends of justice, and without it such ends would be wholly and irretrievably thwarted. The attempt on the part of complainant to have annulled the decree of divorce which she herself secured resulted, in effect, in having the same approved, and

then affirmed by the Supreme Court of Washington; and the record was thus strengthened upon which defendants rely for their title.

Nor do I perceive any inconsistency in the fact that complainant may be considered to be the lawful relict of Clinton P. Ferry. She was instrumental in constructing the record, has received and appropriated the benefits derived through so doing, and has induced defendants and their predecessor to purchase and part with their consideration upon the faith of that record. I hold, therefore, that complainant is precluded by estoppel from prosecuting her present suit.

The motion should be sustained as to the first further and separate answer, and denied as to the second.

The third further and separate answer proceeds upon the theory that complainant's claim of title is stale in equity. In this I do not concur. The motion to strike will therefore be sustained.

The motion to strike the remaining two further and separate answers will be denied.