[Civ. No. 2972.   First Appellate District, Division One.—December 17, 1919.]

## THOMAS M. ANTHONY, Respondent, v. EFFIE TARPLEY, Appellant.

[1] JURISDICTION—JUDGMENTS OF SISTER STATES—EVIDENCE.—The provisions of article IV, section 1, of the constitution of the United States, that "Full Faith and Credit shall be given in each state to the . . . judicial proceedings of every other state," and of section 1913 of the Code of Civil Procedure that "the effect of a judicial record of a sister state is the same in this state as in the state where it was made," establish a rule of evidence, rather than of jurisdiction, and while they make the record of a judgment, rendered after due notice in one state, conclusive evidence in the courts of another state, or of the United States, of the matter adjudged, they do not affect the jurisdiction, either of the court in which the judgment is rendered or of the court in which it is offered in evidence.

[2] ID.—RIGHT TO RE-EXAMINE FOREIGN JUDGMENTS.—Judgments recovered in one state of the Union, when proved in the courts of another government, whether state or national, within the United

2. Right to resist judgment of sister state on ground of fraud, note, 32 L. R. A. (N. S.) 905.

Effect of foreign judgments, notes, 94 Am. St. Rep. 532; 20 L. R. A. 668; 32 L. R. A. 236.

States, differ from a judgment recovered in a foreign country in no other respect than in not being re-examinable on their merits, nor impeachable for fraud in obtaining them, if rendered by a court having jurisdiction of the cause and of the parties.

[3] ID.—WANT OF JURISDICTION—IMPEACHMENT OF FOREIGN JUDGMENT.—Jurisdiction must exist as a fact; and the record of a judgment rendered in another state may be collaterally impeached by extrinsic evidence showing that the facts necessary to give the court pronouncing it jurisdiction did not exist, although the record sought to be impeached may recite the jurisdictional facts.

[4] ID.—LAWS OF SISTER STATE—PRESUMPTION.—When not made to appear to the contrary, the laws of another state are legally presumed to be the same as of this state.

[5] ID.—DIVORCE—BONA FIDE RESIDENCE—ESTABLISHMENT IN SISTER STATE.—In order to entitle one to maintain a divorce action the residence must be *bona fide;* and going into another state with the intention of returning to this when the divorce has been procured is not the establishment of a *bona fide* residence or domicile.

[6] ID.—LEGAL DOMICILE—MERE RESIDENCE INSUFFICIENT.—As distinguished from legal domicile, mere residence within a particular state of the plaintiff in a divorce cause, brought in a court of such state, is not sufficient to confer jurisdiction upon such court to dissolve the marriage relation existing between the plaintiff and a nonresident defendant.

[7] ID.—WANT OF LEGAL DOMICILE—VOLUNTARY APPEARANCE OF DEFENDANT.—Where neither of the parties to a divorce action have a legal domicile in the state in which such action is brought, the voluntary appearance of the defendant therein and his consent to the making of the decree in favor of the plaintiff do not give the court in which such action is brought jurisdiction of the parties.

[8] ID.—ORDER RELATING TO CHILD—WHEN EFFECTIVE OUTSIDE STATE.—An order made by a court of another state, dealing with the care, custody, and support of a minor child, has no efficacy outside the jurisdiction of that court, and will not be enforced in this state unless a judgment thereon may be recovered in this state.

[9] ID.—CUSTODY OF CHILD—FINALITY OF JUDGMENT.—An order of the court of another state, contained in a decree of divorce, in relation to the custody of a child, not being in any sense a final judgment, no judgment can be predicated thereon.

[10] ID.—DISCRETION OF COURT—GOOD OF CHILD—FORCES CONTROLLING COURT.—In matters relating to the custody of a child, the court,

6. Character of residence essential to give jurisdiction in divorce proceeding, notes, 12 L. R. A. (N. S.) 1100; 28 L. R. A. (N. S.) 992; L. R. A. 1915D, 852.

in an action for divorce, is vested with an extensive discretion, the good of the child being regarded as the controlling force in directing its custody, and the courts will look to this rather than to the whims and caprices of the parties.

[11] Id.—Status of Child—Relationship to State.—The child, in such a case, is not the property of the parents but a citizen of the state of California, and as such is peculiarly under its guardianship and subject to its supervisory control.

[12] Id.—Best Interests of Child—Right of Court to Determine. Where a child is within this jurisdiction, the courts of this state are not precluded by any judgment or order of a sister state from inquiring into and determining in its own behalf what are the best interests of the child.

APPEAL from an order of the Superior Court of Alameda County granting a temporary injunction. Joseph S. Koford, Judge. Reversed.

The facts are stated in the opinion of the court.

Donahue & Hynes and J. W. Dignan for Appellant.

W. B. Rinehart for Respondent.

WASTE, P. J.—The plaintiff and defendant were formerly husband and wife. The defendant, as plaintiff, procured a decree of divorce in the circuit court of the state of Oregon, in 1918, whereby she was awarded the custody of Dorothy Anthony, the seven year old minor child of the parties. By the decree, also, the defendant, the plaintiff here, was granted the privilege of visiting the child, and having her with him at reasonable times, he to contribute the sum of fifteen dollars per month for her maintenance and support until she should arrive at the age of eighteen years. Plaintiff commenced this action, alleging that the defendant has not complied with the provisions of the decree and that she is preparing to leave California and intends to take the child with her to reside permanently outside the state. He asks the court to fix the rights and privileges of the parties pursuant to the decree of divorce rendered in the Oregon court and prays for an order prohibiting and enjoining defendant from removing the child from this jurisdiction.

On an order to show cause the lower court, after requiring a bond in the sum of one thousand dollars from plaintiff, granted a temporary injunction restraining the defendant from removing the child from the state of California during the pendency of the action and until the further order of the court. From this order the defendant appeals, contending that the complaint wholly fails to state a cause of action for equitable or any relief and that the court erred in granting the injunctive order herein. This contention, we think, must be upheld.

It appears from the complaint that for several years after their marriage the plaintiff and defendant resided in the county of Alameda, in this state, and were so residing on September 20, 1917. On that day defendant went to the state of Oregon to remain temporarily for the purpose of attending to business affairs in which she was interested. It was understood between plaintiff and her that she would return to Alameda County. Instead of returning to California, however, on May 22, 1918, she commenced an action against her husband, plaintiff here, in the circuit court of the state of Oregon, in and for the county of Multnomah, seeking a decree of divorce, together with alimony and the custody of the minor child. Plaintiff, as the defendant in the divorce action, so he alleges in his complaint, although "a resident of the state of California, appeared in such action in the state of Oregon by and through counsel duly authorized for the purpose, and, in order that the plaintiff in that action might obtain a decree of divorce, and such relief by way of alimony and otherwise, as more fully appears from the decree of the said circuit court of the state of Oregon, hereinafter mentioned and referred to, authorized his counsel to enter into an understanding and agreement with counsel for the plaintiff in that action, and did agree with plaintiff that she might be allowed to take a decree of divorce in said action uncontested, upon the condition, and with the understanding, that the plaintiff in that action, defendant herein, should have and should be given the custody of said minor child, Dorothy Anthony, and the defendant, plaintiff in this action, should be granted the privilege of visiting said child and having her with him at reasonable times, and that he should contribute the sum of fifteen dollars ($15) per month for the maintenance and

support of said child until she should arrive at the age of eighteen years, it being always understood and agreed between the parties that plaintiff intended to upon receipt of such decree, and would and should return to the county of Alameda, state of California, the place of residence of plaintiff; and plaintiff now avers that defendant's residence within the state of Oregon during the period above mentioned wherein said divorce proceeding was had was temporary only and always with the intention and understanding that she should and would return to the state of California.''

Pursuant to this understanding and agreement, so the plaintiff further alleges, the decree of divorce was duly given and entered in the Oregon court in the wife's favor, and the custody of the child was awarded to her. Upon the entry of this decree the defendant at once left the state of Oregon and returned to Alameda County, when she immediately remarried, and where she and the child have since resided.

[1] Appellant contends that these allegations clearly show that the divorce was procured by the parties through a collusive and fraudulent agreement while neither party was a resident of the state of Oregon. The respondent places reliance upon the provisions of the constitution of the United States, which provides that ''Full Faith and Credit shall be given in each state to the . . . judicial proceedings of every other state'' (U. S. Const., art. IV, sec. 1), and upon section 1913 of the Code of Civil Procedure, which provides that ''the effect of a judicial record of a sister state is the same in this state as in the state where it was made, except that it can only be enforced here by an action or special proceeding, and except, also, that the authority of a guardian or committee, or of an executor or administrator, does not extend beyond the jurisdiction of the government under which he was invested with his authority.'' Such provisions, however, says the supreme court of the United States, establish a rule of evidence, rather than of jurisdiction. While they make the record of a judgment, rendered after due notice in one state, conclusive evidence in the courts of another state, or of the United States, of the matter adjudged, they do not affect the jurisdiction, either of the court in which the judgment is rendered or of the court in which it is offered in evidence. [2] Judgments recovered in one state of the Union, when proved in the courts of another government, whether state

or national, within the United States, differ from a judgment recovered in a foreign country in no other respect than in not being re-examinable on their merits, nor impeachable for fraud in obtaining them, if rendered by a court having jurisdiction of the cause and of the parties. (*Hanley* v. *Donoghue,* 116 U. S. 1, 4, [29 L. Ed. 535, 6 Sup. Ct. Rep. 242] ; *Andrews* v. *Andrews,* 188 U. S. 14, 36, [47 L. Ed. 366, 23 Sup. Ct. Rep. 237, see, also, Rose's U. S. Notes].)  **[3]**  Jurisdiction must exist as a fact. The record of a judgment rendered in another state may be collaterally impeached by extrinsic evidence showing that the facts necessary to give the court pronouncing it jurisdiction did not exist; and this is true although the record sought to be impeached may recite the jurisdictional facts. (*In re James,* 99 Cal. 374, 377, [37 Am. St. Rep. 60, 33 Pac. 1122] ; *In re Culp,* 2 Cal. App. 70, 81, [83 Pac. 89].)

We are unable to agree with respondent that the Oregon court had jurisdiction of the parties, and of the subject matter of the divorce action. The allegations of the complaint before us clearly show that it did not. **[4]** When not made to appear to the contrary, the laws of Oregon are legally presumed to be the same as ours. (*Wills* v. *Wills,* 166 Cal. 529, 532, [137 Pac. 249].)  **[5]** In order to entitle one to maintain a divorce action the residence must be *bona fide.* Going into another state with the intention of returning to this, when the divorce has been procured, is not the establishment of a *bona fide* residence or domicile. (*Bennett* v. *Bennett,* 28 Cal. 600.)  **[6]** As distinguished from legal domicile, mere residence within a particular state of the plaintiff in a divorce cause, brought in a court of such state, is not sufficient to confer jurisdiction upon such court to dissolve the marriage relation existing between the plaintiff and a nonresident defendant. (*Haddock* v. *Haddock,* 201 U. S. 562, 583, [5 Ann. Cas. 1, 50 L. Ed. 867, 26 Sup. Ct. Rep. 525, see, also, Rose's U. S. Notes].)  The supreme court of the United States has held in a number of cases, in which it was sought in one state to enforce a decree of divorce rendered in another state, and in which the authority of the due faith and credit clause of the constitution was invoked, that when it is established that at the time the divorce proceedings were commenced, the plaintiff in the proceedings had no *bona fide* domicile within the state

where the decree was rendered, the question of jurisdiction was open for consideration, and that, as in any event domicile was essential to confer jurisdiction, the due faith and credit clause did not require recognition of such decree outside the state in which it had been rendered. (*Bell* v. *Bell,* 181 U. S. 175, [45 L. Ed. 804, 21 Sup. Ct. Rep. 551] ; *Streitwolf* v. *Streitwolf,* 181 U. S. 179, [45 L. Ed. 807, 21 Sup. Ct. Rep. 553] ; *Andrews* v. *Andrews, supra; Ferry* v. *Troy Laundry,* 238 Fed. 867, 869.)

[7]   It appears from the complaint in this action (and with the facts as there presented we are alone dealing) that the defendant, when she went into the state of Oregon, was merely a sojourner there until her divorce was obtained. Consequently, there is no force in the argument of respondent that the Oregon court had jurisdiction of the parties. Such assertion must necessarily rest upon the fact that the plaintiff appeared as defendant in the divorce action and consented to the making of the decree. In the two cases cited, *Bell* v. *Bell,* and *Streitwolf* v. *Streitwolf, supra,* jurisdiction was conferred as far as it could be given, by the appearance of the plaintiff who brought the suit. In *Andrews* v. *Andrews,* the court held that the decision in the former cases, "that there was no jurisdiction because of the want of a *bona fide* domicile was a ruling that in its absence there could be no jurisdiction over the subject matter irrespective of the appearance of the party by whom the suit was brought," and that "it is obvious that the inadequacy of the appearance, or consent, of one person to confer jurisdiction over a subject matter not resting on consent, includes necessarily the want of power of both parties to endow the court with jurisdiction over a subject matter, which appearance, or consent could not give." As, according to the complaint, neither of the parties to the divorce action had a legal domicile in the state of Oregon, the want of jurisdiction in the court of that state to entertain a divorce action is clear. (*Huebner* v. *Huebner,* 67 Or. 557, 560, [136 Pac. 667].)

For another reason the position of the appellant must be upheld. The plaintiff is not in court asserting that the welfare and best interests of the minor require the interposition of the strong arm of the chancellor, but is seeking to "enforce" the divorce decree lest he, the father, be

caused "great and irreparable injury." He asks that his own "rights in the premises" be fixed and determined. He seems to rely on the assumption that parents have some property rights in children, a doctrine justly repudiated by the courts. (*Case of Bort,* 25 Kan. 215, [37 Am. Rep. 255].) **[8]** The order made by the Oregon court is impotent for the desired purpose. A foreign decree has no efficacy outside the jurisdiction in which it was given. It will not be enforced here, unless a judgment thereon may be recovered in this state. (*Brown* v. *Campbell,* 100 Cal. 635, 646, [38 Am. St. Rep. 314, 35 Pac. 433]; *Lynde* v. *Lynde,* 181 U. S. 183, 187, [45 L. Ed. 810, 21 Sup. Ct. Rep. 555, see, also, Rose's U. S. Notes].) **[9]** No judgment can be predicated upon an order of the court of another state contained in a decree of divorce, in relation to the custody of a child. Such order is not a finality in any sense of the word. It does not preclude the court granting the order, as long as the minor is within its jurisdiction, from varying or modifying its decree in that respect, from time to time, as circumstances change. It was, therefore, not in any sense a final judgment. (*Lynde* v. *Lynde, supra.*) **[10]** In such matters the court is vested with an extensive discretion. The good of the child is regarded as the controlling force in directing its custody, and the courts will always look to this, rather than to the whims and caprices of the parties. (*Crater* v. *Crater,* 135 Cal. 633, 634, [67 Pac. 1049]; *Mack* v. *Mack,* 91 Or. 514, 516, [179 Pac. 557].) **[11]** The child is not property, but a citizen of the state of California, and as such is peculiarly under its guardianship and subject to its supervisory control. **[12]** The child being within this jurisdiction, the courts of the state are not precluded by any judgment or order of a sister state from inquiring into and determining in its own behalf what are the best interests of the child. (*In re Alderman,* 157 N. C. 507, 512, [39 L. R. A. (N. S.) 988, 73 S. E. 126]; *Avery* v. *Avery,* 33 Kan. 1, [52 Am. Rep. 523, 5 Pac. 418, 422]; *In re Culp,* 2 Cal. App. 70, [83 Pac. 89], and particularly the concurring opinion of Mr. Justice McLaughlin.)

The precise question we are now considering was before the supreme court of Texas in *Wilson* v. *Elliott,* 96 Tex. 472, [97 Am. St. Rep. 928, 75 S. W. 368]. It was there held that courts of that state should not be hampered in matters

respecting the custody of a child, by a previous decision in another state or territory, but such questions should be determined in accordance with the rules and policy of that state in such matters. The action of the lower court in giving effect to a decree of the territory of New Mexico was, therefore, reversed. (See, also, *Legate* v. *Legate,* 87 Tex. 248, [28 S. W. 281]; *Allen* v. *Allen,* 105 N. Y. 628, [11 N. E. 143].)

The contention of appellant that the complaint is insufficient in its statement of facts is correct, and the lower court erred in granting any relief based thereon.

The order appealed from is reversed.

Richards, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 13, 1920, and the following opinion then rendered thereon:

THE COURT.—The application for a hearing in this court after decision by the district court of appeal of the first appellate district, division one, is denied upon the ground last discussed in the opinion, and entirely without reference to any question of the validity of the Oregon decree. No question whatever was raised in the briefs as to the validity of this decree, the discussion relating thereto in the opinion is not essential to the decision, and we are not prepared to approve what is said in the opinion on this question.

All the Justices concurred.