**SOHNER v. WELLIVER et al.**

No. 12014—Opinion Filed Sept. 18, 1923.

(Syllabus.)

**1. Corporations — Liability of Stockholders for Debts—Statutes.**

A stockholder in a corporation can escape a stockholder's liability provided by section 5463 Comp. Stat. 1921, to persons subsequently employed by the corporation only by showing a bona fide transfer of the stock to another person as provided by section 5318; or by the purchase by the corporation of its own stock, as provided by section 5320; or by a reduction of the capital stock of the corporation as provided by section 4348.

**2. Same—Ineffectual Effort to "Cancel" Certificates of Stock.**

Where defendants were stockholders in a corporation for purposes mentioned in section 5463, Comp. Stat. 1921, and agreed with C., another stockholder who had spent considerable time and money in drilling operations for the corporation, that they would turn over the corporation to him, and in compliance with said agreement wrote across the face of the certificates of stock, "Canceled", and attached the same to the stubs in the certificate book, and turned the books, together with all papers, over to C., held, that such an attempt to surrender and cancel the stock did not operate to release defendants from liability to persons subsequently performing labor for the corporation and coming within the provisions of section 5463, Comp. Stat. 1921.

**3. Evidence—Presumption as to Foreign Laws.**

When not made to appear to the contrary, the laws of other states are legally presumed to be the same as those of the forum.

**4. Corporations—Liability of Stockholders for Debts—Nature of Action to Enforce.**

An action against a stockholder of a corporation under section 5463, Comp. Stat. 1921, is not a suit on a contractual liability and is not governed by the laws of the state in which the contract of employment is made, but is a statutory liability fixed by the statutes of this state, and which by its terms extends to all debts due to mechanics and laborers employed by the class of corporation designated.

Error from District Court, Tulsa County; Frank Mathews, Assigned Judge.

Action by A. A. Sohner against Harry M. Welliver and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded, with directions.

C. H. Rosenstein, for plaintiff in error.

W. T. Hunt, for defendants in error.

COCHRAN, J. This action was instituted in the district court of Tulsa county by plaintiff in error to recover from defendants in error the amount of judgment procured by plaintiff in error against the Weona Lead & Zinc Company, an Oklahoma corporation. The parties will hereinafter be referred to as plaintiff and defendants, as they appeared in the trial court. The plaintiff sought to charge the defendants with individual liability as stockholders of the Weona Lead & Zinc Company under the provisions of section 5463, Comp. Stat. 1921, which provides:

"The stockholders of any corporation formed for the purposes mentioned in this article shall be jointly and severally liable, in their individual capacities, for all debts due to mechanics, workmen, and laborers employed by such corporation, which said liability may be enforced against any stockholder by an action at any time after an execution against such corporation shall be returned not satisfied."

The defendants contended that they had ceased to be stockholders in the corporation at the time the debt was created by the corporation, and hence were not liable under section 5463, supra. The contract of employment was made between March 1, 1918, and May 1, 1918. It appears that sometime during the month of January, 1918, defendants agreed with Mr. Clark, who was a stockholder in the corporation and who had spent considerable time and about $3,000 of his individual money in drilling operations for the corporation, that they would turn over the corporation to him and cancel their stock in the company and turn over all the stock and papers to him, and in compliance with the agreement the defendants wrote across the face of the stock, "Canceled", and attached the original stock certificates to the stubs in the certificate books and turned the books, together with all papers, over to Mr. Clark. Section 5463, supra, prescribing the liability of stockholders in cases of this character, can be avoided by stockholders as to persons subsequently employed by the corporation only by showing a bona fide transfer of the stock to other persons, as provided in section 5318, Comp. Stat. 1921; or by a purchase by the corporation of its own stock, as provided by section 5320, Comp. Stat. 1921; or by reduction of the capital stock of the corporation, as provided by section 4348, Comp. Stat. 1921. It is evident that the transaction in the instant case was not a transfer of the stock to Clark, as the testimony fails to show a compliance with the statute or intention among the parties that it should be so treated; neither can it be considered a purchase by the corporation of its own stock, as that could only be done by the unanimous consent in writing of all stockholders, or by making the purchase from the surplus profits, leaving the capital intact. The transaction was, in fact, an attempted cancellation of the shares of stock owned by the defendants, and its practical effect a reduction of the capital stock of the corporation. If these defendants could thus surrender their stock and escape a stockholder's liability, all other stockholders could do the same, and the result would be a corporation in name without capital and without membership, and the statute prescribing the stockholder's liability

would be entirely defeated. As stated above, we are of the opinion that this cannot be done except by one of the three methods above set out. If there is a transfer of stock to other persons, a new membership is substituted instead of the old. If there is a purchase by the corporation of its own stock, it is purchased from the surplus profits of the corporation, leaving the capital intact, or else must be by the unanimous consent in writing of all stockholders; and, if there is a reduction of the capital stock, it is only where section 4348. Comp. Stat. 1921, is complied with, and under that section a reduction cannot be had where the stock is diminished to an amount less than the indebtedness of the corporation or the estimated cost of the works which it may be the purpose of the corporation to construct. If either of the foregoing statutory provisions had been complied with, the creditors of the corporation would have had a measure of protection substituted for the liability of the retiring stockholders; but, none of the provisions having been complied with, if the defendants are held to be relieved from liability, there has been no additional protection substituted therefor. It is our opinion that the attempted surrender and cancellation of the stock did not operate as a release of the defendant's liability as stockholders to the plaintiff.

It is contended by the defendants that the contract with the plaintiff to perform the labor which was the basis of plaintiff's claim against the corporation was made in Kansas and that the Kansas law should be applied and it does not contain a provision rendering stockholders liable, such as is contained in section 5463, supra. This position is untenable for two reasons. First, there was no proof offered to show that the Kansas law was different from the Oklahoma law, and in the absence of such proof it is presumed that the Kansas law is the same as the law of the forum. Anthony v. Tarpley (Kan.) 187 Pac. 779; Gigoux v. Moore (Kan.) 184 Pac. 637. Second, while the Kansas law would control as to the interpretation of the rights created under the contract of employment, this contract is not the basis of this action. This action grows out of a statutory liability fixed by the statute of this state which by its terms extends to all debts due to mechanics and laborers employed by the corporation, and is not limited to those who may be employed within the state of Oklahoma. It is a statutory liability, and not a contractual liability, and when plaintiff brings himself within the statute, he is entitled to recover.

The judgment of the trial court is reversed, and cause remanded, with directions to enter judgment in favor of the plaintiff and against the defendants.

JOHNSON, C. J., and McNEILL, KENNAMER, NICHOLSON, BRANSON, and MASON, JJ., concur.