## MAY v. COVINGTON et al.

No. 28811.    Oct. 24, 1939.

Jas. R. Wood, of Coalgate, for plaintiff in error.

G. T. Ralls, of Coalgate, for defendants in error.

PER CURIAM. The question which this appeal presents for determination is whether an award of compensation made by the State Industrial Commission, to an employee of a mining or manufacturing corporation, for a disability sustained by the employee as the result of an accidental personal injury, may be enforced under a provision of the statute which imposes individual liability upon stockholders of corporations of a designated class for debts of such corporations due to mechanics, workmen, and laborers employed by them.

On June 28, 1937, the State Industrial Commission made an award in favor of the plaintiff in error, hereafter referred to as plaintiff, against the Keystone Coal & Mining Company for a disability which he had sustained while in its employ. This award was not paid, and a general execution issued thereon, after a certified copy had been duly transcribed to the district court

of Coal county, was returned unsatisfied. Thereupon this action was commenced against the defendants in error, hereafter referred to as defendants, and another not here involved, to compel them as stockholders of said corporation to pay such award. The defendants denied liability generally and specifically and pleaded the bar of the statute in limine. The cause was tried to the court without the intervention of a jury and resulted in a judgment in favor of the defendants. Motion for new trial was overruled, and the plaintiff has perfected this appeal.

It is the contention of the plaintiff that an award made to an injured employee pursuant to the provisions of the Workmen's Compensation Law (O. S. 1931, section 13348 et seq., as amended, 85 Okla. St. Ann. § 1 et seq.) is compensation for loss of wage-earning capacity and not reparation for injuries sustained, and that therefore the liability thus created arises ex contractu and not ex delicto, and hence constitutes a debt of the corporation, and where the corporation is one organized for mining or manufacturing liability is imposed upon the stockholders when satisfaction cannot be obtained by general execution.

The plaintiff bases this claim primarily upon section 9913, O. S. 1931 (18 Okla. St. Ann. § 504), the pertinent portion of which reads as follows:

"The stockholders of any corporation formed for the purposes mentioned in this article shall be jointly and severally liable, in their individual capacities, for all debts due to mechanics, workmen and laborers employed by such corporation, which said liability may be enforced against any stockholder by an action at any time after an execution against such corporation shall be returned not satisfied; Provided, that such action be commenced within four months."

The above-quoted statute was enacted by the First Legislative Assembly of the Territory of Oklahoma in 1890 (Stat. 1890, sec. 1165) and was extended in force by the schedule to the Constitution and the Enabling Act upon the admission of the state of Oklahoma into the Union and has not been altered by amendment. In 1915 the Legislature enacted the "Workmen's Compensation Law" (O. S. 1931, section 13348 et seq., as amended, 85 Okla. St. Ann. § 1 et seq.). Therein it was provided, among other things:

"Every employer subject to the provisions of this act shall pay, or provide as required by this act, compensation according to the schedules of this article for the disability of his employee resulting from an accidental personal injury sustained by the employee arising out of and in the course of his employment. * * * " (Section 13351, O. S. 1931, 85 Okla. St. Ann. § 11.)

Nowhere in said act is it provided that the stockholders of any corporate employer shall answer for the debt, default, or miscarriage of said corporation on its failure to pay any award made under said act. Since the act specifically directs "Every employer subject to the provisions of this act shall pay, or provide as required by this act, compensation," there is of necessity excluded any implication that it was intended to make the legislation thereby enacted complementary to any prior existing legislation, but rather that said act should be considered as an independent and separate legislative expression which established rights and liabilities theretofore nonexisting and which created methods for their determination and for the enforcement of any awards which might be made thereunder.

The previous statutory provision, cited supra, and upon which plaintiff relies to impose primary liability upon the defendants, was considered in the case of Sohner v. Welliver, 95 Okla. 73, 218 P. 1069, and therein it was held that the liability imposed was a statutory one which by its terms extended to all debts due to mechanics, workers, and laborers employed by the class of corporations therein designated. It is a fundamental rule that in construing a statute, the legislative intent should be ascertained and given effect. Champlin Ref. Co. v. Cooper, 184 Okla. 153, 86 P.2d 61; Childers v. Paul, 177 Okla. 111, 57 P.2d 872. Such intent is to be ascertained by considering the evil which the Legislature intended to prevent or correct and the remedy which it intended to provide. When so considered, it will be noted that the statute, supra, which imposes liability upon the stockholders of corporations, of a certain class, was enacted to correct the evil which was occasioned by nonpayment of wages and salaries to mechanics, workmen, and laborers employed by such corporation and to provide them with an additional source to which they might look for payment of such wages. This has been the long accepted view of the purpose of such legislation. Bristor v. Smith, 158 N. Y. 157, 53 N. E. 42. Since the award which plaintiff was seeking to enforce was a benefit conferred upon him by statute and enforceable only in the manner therein directed, it was insufficient to bring him within the terms of the statute under which he sought to impose liability on the defendants. The judg-

ment of the trial court was therefore in all respects proper.

Affirmed.

BAYLESS, C. J., and OSBORN, CORN, HURST, and DANNER, JJ., concur.