Argued November 17, decided November 25, 1913.

## HUBNER v. HUBNER.

### (136 Pac. 667.)

**Divorce—Jurisdiction—Residence—"May."**

1. Section 396, L. O. L., providing that suits for dissolution of marriage may be commenced and tried in any county of the state in which either party resides, is mandatory, the word "may" being equivalent to "shall"; and hence, where both parties resided in M. County, a suit for divorce commenced in C. County, where neither had ever resided, gave the court no jurisdiction.

**Process—Motion to Quash.**

2. The objection that the suit for divorce was brought in the wrong county may be raised by motion to quash based on affidavits.

**Divorce—Dismissal—Want of Jurisdiction.**

3. Where it was shown by affidavit in the trial court that neither of the parties to a divorce suit resided in the county where the action was begun so as to give the court jurisdiction, service made in another county should be quashed and the suit dismissed; as the defect of jurisdiction could not be cured by any amendment while defendant objected thereto.

**Divorce—Presumption—Residence.**

4. Without a showing by affidavit that neither of the parties to a divorce suit resided in the county in which the suit was brought, so that service of summons in another county would be valid, it would be presumed that one of the parties resided in the county of suit.

From Clackamas: JAMES W. CAMPBELL, Judge.

This is a suit for divorce by Gerhardt R. Hubner against Charity M. Hubner, in which there was a decree for the plaintiff and defendant appeals. Reversed and suit dismissed for want of jurisdiction. REVERSED.

For appellant there was a brief over the name of *Messrs. Beach, Simon & Nelson,* with an oral argument by *Mr. Roscoe C. Nelson.*

For respondent there was a brief and oral arguments by *Mr. James E. Craib* and *Mr. Claude Strahan.*

Department 1. Mr. Justice Ramsey delivered the opinion of the court.

The plaintiff commenced this suit for divorce in the Circuit Court of Clackamas County. The cause for which the plaintiff asks a divorce is alleged cruel and inhuman treatment. The plaintiff and the defendant intermarried in Illinois on October 31, 1903. The complaint alleges that the plaintiff and the defendant are residents and inhabitants of the State of Oregon, and that they had been such residents and inhabitants for more than a year immediately prior to the commencement of this suit. The complaint alleges facts sufficient to constitute a cause of suit. The complaint shows that the plaintiff and the defendant removed from California to Portland, Oregon, and that they resided at the latter point. There is nothing in the complaint to indicate that either of the parties ceased to reside in Portland. The plaintiff in his evidence testified that both he and the defendant resided in Portland when the evidence was taken. The defendant was served with the summons in Portland, Multnomah County, Oregon, August 20, 1912. On September 9, 1912, the defendant by her counsel appeared specially in the court below to object to the jurisdiction of said court to hear or determine said suit, and filed therein a motion, based on an affidavit of the defendant, for the dismissal of said suit, for the reason that the summons and the complaint were served on the defendant in Multnomah County, Oregon, and not in Clackamas County, and because neither the plaintiff nor the defendant resided in said Clackamas County. The affidavit of the defendant upon which said motion was based showed that both the plaintiff and the defendant, at the time that said suit was commenced, resided in said Multnomah County, and that neither of them had ever resided in Clackamas County, Oregon. On Octo-

ber 25, 1912, the defendant by her attorneys again appeared specially in said cause and filed a motion based on the affidavit of the defendant for an order of the court below quashing the return of the service of summons and complaint on the defendant in said suit, for the reason that neither the plaintiff nor the defendant was at the time of the filing of the complaint or of the service of summons on the defendant, in said cause, or at any time before or since said service, a resident of Clackamas County, and because it appears from the return of service of said summons that it was served outside of said Clackamas County. The affidavit upon which said last-named motion was founded showed that neither the plaintiff nor the defendant at the time said suit was commenced, or at any other time, was a resident of Clackamas County. The facts stated in said affidavit were not denied.

1. Hence we find that, when this suit was commenced, both parties were residents of Multnomah County, and not of Clackamas County, and that the summons was served on the defendant in Multnomah County, and not in Clackamas County. These facts are not disputed.

Section 396 of our Equity Code (L. O. L.) is as follows: "Suits in equity in the following cases shall be commenced and tried in the county where the subject of the suit, or some part thereof, is situate: (1) For the partition of real property; (2) for the foreclosure of a lien upon real property; (3) for the determination of an adverse claim, estate, or interest in real property, or the specific performance of an agreement in relation thereto. In all other cases, the suit shall be commenced and tried in the county in which the defendants, or either of them, reside, or may be found at the commencement of the suit; provided, that if none of the defendants reside in this state, the suit may be tried in any county in the state which the plaintiff may designate in his or her complaint; and provided, fur-

ther, that in any suit for the dissolution of the marriage contract the same may be commenced and tried in any county of this state in which either party to the suit resides." This section provides, first, that what are called local suits shall be commenced and tried in the county in which the subject of the suit or some portion thereof is situated. It then provides that what are usually called transitory suits shall be commenced and tried in the county in which the defendants, or either of them, reside or may be found at the commencement of the suit, with a proviso that, if none of the defendants reside in the state, the suit may be tried in any county in the state which the plaintiff may designate in his or her complaint, and with a further proviso that in any suit for the dissolution of the marriage contract the same may be commenced and tried in any county of this state in which either party to the suit resides. The said section requires transitory suits, as a general rule, to be commenced and tried in the county in which the defendant resides or may be found at the time of the commencement of the suit. If there are two or more defendants, the suit may be begun and tried in the county in which either of them resides or may be found. If neither of the defendants resides in this state, the plaintiff has the right to bring the suit in any county in the state. But, in suits for divorce, the plaintiff has the right to commence the suit in the county in which either party resides. But a person has no right to commence a suit for divorce in a county in which neither party resides. This is the plain meaning of this statute. "May," in this statute concerning divorce suits, means "shall."

The statute of Tennessee concerning suits for divorce provides as follows: "The bill may be filed in the proper person and name of the complainant in the circuit or chancery court of the county or district where the parties resided at the time of their separation, or

in which the defendant resides, or is found, if a resident; but, if a nonresident or convict, then in the county where the applicant resides.'' Commenting on this statute, the Supreme Court of Tennessee, in *Walton* v. *Walton,* 96 Tenn. 27 (33 S. W. 561), says: ''This provision is mandatory, and not merely directory; the word 'may,' used in the first line, having the same force and meaning as 'shall.' All the jurisdictional facts or conditions therein named are wanting in this case. The defendant being a resident of the state, and not a convict, and not being found in any other county, the bill should have been filed in Giles or Marshall County.'' The defendant resided in Marshall County, when the suit was commenced, and the parties resided in Giles County, at the time of the separation. The court dismissed the bill for want of jurisdiction. In *Majors* v. *Majors,* 1 Tenn. Ch. 265, Chancellor COOPER, speaking of jurisdiction in a suit for divorce, said, *inter alia:* ''I think, too, that the nonresidence of the defendant has not been made satisfactorily to appear. * * If the defendant is still a resident of the state, this court would have no jurisdiction. The bill ought to have been filed in the county of the defendant's residence under the code, * * or in Wilson County, where the separation took place.''

In 1 Nelson, Divorce and Separation, Section 20, the author says: ''The divorce suit is a proceeding to establish or change a status, and not a proceeding to punish a crime. Therefore the suit need not be commenced in the county where the *delictum* occurred. The venue is generally prescribed by statute, and must be complied with to render the divorce valid. A common provision of the statute is that the action may be tried by the court of the county where the parties or one of them resides. This language recognizes the probability that the parties have separate domiciles, and permits the wife to bring suit where she resides.''

In *Bannister* v. *Bannister,* 150 Mass. 291 (22 N. E. 901), the court says: "Pub. Sta., Chapter 146, Section 6, provides that, 'when the libelant has left the county in which the parties have lived together, the adverse party still living therein, the libel shall be heard and determined in the court held for that county.' This obviously means, when the libelant has left the county in which the parties have last lived together. These parties last lived together in Norfolk County, the place where * * the libelee had his domicile, and at the time when this libel was brought, as well as when it was heard, he still lived there. By the plain meaning of the statute, the libel must be heard and determined in that county." The lower court dismissed the bill on the ground that it was filed in the wrong county, and its action was sustained by the Supreme Court.

In *Way* v. *Way,* 64 Ill. 406, the court says: "All suits for divorce must be commenced in the county where the complainant resides."

In *Lewis* v. *Lewis,* 9 Ind. 108, the court says: "The statute says that 'Divorces may be decreed by the Circuit Courts of this state, on petition filed by any person at the time a *bona fide* resident of the county in which the same is filed; of which *bona fide* residence, the affidavit of the petitioner shall be *prima facie* evidence.' * * In the petition before us, there is no averment of residence. On that account it was objectionable, but such objection could not be properly raised after the trial commenced."

14 Cyc., page 592, says: "The residence which will determine the venue must be actual residence in the county where the suit is brought. The residence need not, however, have continued for any particular length of time, in the absence of a statute to the contrary."

In 9 Am. & Eng. Ency. Law (2 ed.), pages 740, 741, the author says: "As already stated, the domicile of the parties is the test of jurisdiction of the subject

matter, and the place where the marriage was cele-
brated or the cause of divorce occurred is immaterial.
A divorce suit is a proceeding to alter the status of
married persons, and not a proceeding to punish a
crime, and it is therefore immaterial that the cause for
divorce occurred in another county. The divorce suit
must be commenced in the county designated by the
statute, and this is generally where the parties re-
side, or where one of them resides."

It is shown by the affidavit of the defendant, and
not denied, that both parties to this suit were residents
of Multnomah County when this suit was commenced,
and that neither of them had resided in Clackamas
County. Hence this suit was, without doubt, brought
in the wrong county.

2. The respondent contends that the objection that
this suit was brought in the wrong county could be
properly raised only by a plea in abatement. How-
ever, we hold that it could be raised by motion based
on affidavit. Most of the cases referred to by learned
counsel for the plaintiff are law cases.

Courts differ on this point as they differ on many
other questions of practice. The question as to the
place of residence of the parties to a divorce suit is not
a complicated one, and it can be easily determined by
affidavits. The parties to the suit know the facts and
can produce the affidavits of themselves and of other
persons showing where they resided.

In *Grady* v. *Gosline & Barbour*, 48 Ohio St. 667 (29
N. E. 768), the court says, concerning the quashing
the service of summons by motion on an affidavit: "It
is contended in behalf of the plaintiff that the court
erred in admitting in evidence the affidavit of the de-
fendants. When there has been an irregularity in the
service of the original summons, through which the
court failed to get jurisdiction over the party defend-

ant, it is competent, on motion, before answering to the merits of the action, to have the service of summons set aside, and in support of the motion affidavits may be used. It is said by Mr. Nash (1 Pl. & Pr. 75) that 'the service of the original summons will be set aside on motion, if served on a wrong person, or the copy is not left at the right place.' The existence of any fact showing that the service is not correct may be set up to vacate it. The motion should state the grounds on which the party relies as showing the service had.''

In *Grand Island & W. C. R. Co.* v. *Sweeney,* 95 Fed. 404 (37 C. C. A. 135), the United States Circuit Court of Appeals, passing on a motion to quash a sheriff's return, says: ''In the state courts of this country, while some question has been made as to the conclusiveness of the sheriff's return, it has generally been held that it is only *prima facie* true, and that the truth or falsity of the return may be determined upon motion supported by affidavit. * * Upon examination of a great many American cases, we believe the general rule in this country, with some dissenting cases like those in Illinois, to be this: The sheriff's return stands in the first instance as the affidavit of the sheriff, but is subject to be disputed by affidavits on the part of the defendant showing to the satisfaction of the court, upon motion to quash, that the return is not true in point of fact, or, as in the case at bar, is insufficient.''

See, also, the following cases holding that a sheriff's return can be quashed on motion supported by affidavits: *Carr* v. *Bank,* 16 Wis. 50; *Bond* v. *Wilson,* 8 Kan. 228 (12 Am. Rep. 466); *Crosby* v. *Farmer,* 39 Minn. 305 (40 N. W. 71); *Walker* v. *Lutz,* 14 Neb. 274 (15 N. W. 352); *Wallis* v. *Lot,* 15 How. Pr. (N. Y.) 567.

In this case, the affidavit on which the motion to quash is based does not contradict the statements made in the return of the sheriff, but it shows want of juris-

diction in the court below to try this cause, by showing that neither the plaintiff nor the defendant resided in Clackamas County, and hence that the service on the defendant in Multnomah County was invalid. That service being invalid, because the suit was commenced in the wrong county, the court below acquired no jurisdiction of the suit, and this defect of jurisdiction is one that cannot be remedied in this cause.

3. When it was shown by affidavit in the court below that neither the plaintiff nor the defendant resided in Clackamas County, it was thereby made known to the court that the suit had been wrongfully commenced in that county, and that court should have quashed the service, and then have dismissed the suit, as the want of jurisdiction to try the case was clear, and the defect of jurisdiction was of such a nature that it could not be cured by any amendment that could be made while the defendant objected to the jurisdiction.

4. Without a showing by affidavit that neither of the parties resided in the county in which the suit was commenced, it might be contended, in support of the jurisdiction of a Superior Court, that it should be presumed *prima facie* that one of the parties resided in that county. The showing by affidavit was necessary to overcome that presumption and thus prove that the service of the summons was invalid. If either of the parties had resided in Clackamas County, the service could have been made in this case in Multnomah County.

The objection that a party is sued in the wrong county in a divorce suit is probably waived where the defendant does not object thereto, but it is not necessary to decide that point in this case.

The court below erred in not quashing the service and in not dismissing the suit.

The motion to quash the service is sustained, and the decree of the court below is reversed, and this suit is dismissed for want of jurisdiction.

REVERSED: SUIT DISMISSED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE MOORE and MR. JUSTICE BURNETT concur.