Submitted on brief by appellant, no appearance by respondent, March 13, reversed and decree entered April 24, 1923.

## SANDOZ v. SANDOZ.

(214 Pac. 590.)

**Divorce—Husband's Agreement to Pay Lawyer and Court Expenses Held Insufficient to Establish Collusion.**

In an action for divorce on the ground of desertion, where it appeared that the marriage had been unwillingly entered into by the husband, and that he had almost immediately thereafter deserted, testimony by the plaintiff that she had advised defendant that she was going to seek a divorce, and that he had said he would pay her lawyer and court expenses, *held* insufficient to establish collusion of the parties, and justify the court in refusing to grant the divorce.

From Union: J. W. KNOWLES, Judge.

In Banc.

This is a suit for a divorce. The complaint shows that the parties were married on the twenty-fifth day of August, 1920, at La Grande, Oregon; that one child, named Helen, has been born as a result of the marriage; that on or about the first day of September, 1920, the defendant willfully deserted the

plaintiff and has ever since refused to live with her and has lived separate and apart from her. The testimony of the plaintiff, which is in a great part corroborated by other testimony, is to the effect that immediately after the marriage the defendant deserted the plaintiff and has ever since refused to live or cohabit with her; that upon the birth of the daughter proceedings were taken to compel him to support his family and that he was indicted for non-support, brought back from Wyoming, tried and convicted upon the charge but was paroled upon his promise to support his family, and that ever since that time he has furnished a house for the plaintiff to live in and groceries and supplies for plaintiff and their child but has refused to live or cohabit with the plaintiff. Upon cross-examination the plaintiff admitted that she had told her husband that she was going to bring a suit against him for divorce and that he had said that he would pay the lawyer and the court expenses in case she brought such suit, but there was no stipulation in regard to what allegations should be made in the complaint and no agreement between them further than that he had stated that he would pay the expenses, as before stated.

The court made no finding upon the fact of the desertion but refused the divorce on the ground of collusion of the parties.

REVERSED AND DECREE ENTERED.

For appellant there was a brief over the name of *Mr. E. R. Ringo.*

No appearance for respondent.

McBRIDE, C. J.—We think the fact of desertion is clearly made out. Reading the testimony in this

case between the lines it is evident that the defendant married the plaintiff unwillingly and probably to escape the consequences of a wrong done to her and immediately deserted her, and that that desertion continues to the present time.

The defendant was an unwilling bridegroom in the first instance and no doubt was perfectly willing that the plaintiff should have a divorce; scoundrels of his type are usually perfectly willing to escape marital responsibilities. But his state of mind has nothing to do with the good faith of the plaintiff in bringing the suit. He only promised to do what the court would no doubt have compelled him to do in any event, namely, to pay suit money and alimony *pendente lite* for the support of his wife and child. In her condition she was perfectly justified in accepting his offer. It is not a case in which the parties have agreed together to present a fictitious cause for divorce to the court or to cause a divorce to be granted where no real cause existed, but it is a case in which the wife had ample grounds for a divorce and the defendant was not unwilling that she should get it.

There is no such collusion in this suit as should justify the court in refusing to grant the divorce and the decree of the Circuit Court is reversed and a decree will be here entered granting the plaintiff a divorce as prayed for in her complaint, with leave to the plaintiff to apply to the Circuit Court for such support for the minor child as would seem just under the circumstances.

REVERSED AND DECREE ENTERED.