Argued February 14, affirmed February 19, 1924.

## CHARLES J. HANZLIK *v.* JULIA HANZLIK.

(222 Pac. 1081.)

**Divorce—Nonresident Defendant Waived Objection to Venue by Appearance and Failure to Object.**

Under Section 396, Or. L., allowing suits for divorce against nonresident defendants to be commenced and tried in any county in which either party resides, and Section 397, permitting change of venue at any time before answer, such defendant's appearance and answer by attorney knowing that no change of venue had been asked and her failure to move for dismissal or change of venue, at the trial, waived the objection.

From Clackamas: J. U. CAMPBELL, Judge.

Department 2.

AFFIRMED.

For appellant there was a brief over the names of *Mr. Sidney Teiser* and *Mr. W. G. Keller,* with an oral argument by *Mr. Teiser.*

For respondent there was a brief and oral argument by *Mr. James E. Craib.*

RAND, J.—This is a suit for divorce. The complaint alleges willful desertion. The defendant, through her attorney, appeared in the suit and filed an answer denying the desertion and praying that

the suit be dismissed. Plaintiff had decree and defendant appeals.

The parties were married in the State of Illinois on June 3, 1900, and lived together in the City of Chicago until June 13, 1920, when the plaintiff decided to remove to Oregon. The defendant, although requested by the plaintiff to accompany him to Oregon, refused to do so, and thereupon an equal division between them of the money and property accumulated during the marriage, which amounted to about $7,000 each, was made and the plaintiff then came to this state where he has since resided. The defendant has ever since refused to come to the state or to live with the plaintiff as his wife.

The defendant contends that the evidence is insufficient to establish willful desertion upon her part, but after a careful consideration of all of the testimony and of the correspondence between the parties, we are unanimously of the opinion, as was the conclusion of the learned Circuit Judge who heard the testimony, that the defendant has been guilty of willful desertion continuing for more than one year prior to the commencement of the suit, and therefore it would serve no useful purpose to more specifically refer to the evidence which leads us to that conclusion.

On his cross-examination, plaintiff testified that at the time the suit was commenced he was residing in Multnomah County, Oregon, and that he was not a resident of Clackamas County, where the suit was brought. Other testimony discloses that the defendant at the time was a nonresident of the state and resided in Chicago. It was thus established that the suit had been brought in the wrong county.

Section 396, Or. L., after providing that certain suits in equity shall be commenced and tried in the county where the land or the subject of the suit, or some part thereof, is situated, contains this further provision: "In all other cases, the suit shall be commenced and tried in the county in which the defendants, or either of them, reside, or may be found at the commencement of the suit; provided, that if none of the defendants reside in this state, the suit may be tried in any county in the state which the plaintiff may designate in his or her complaint; and provided, further, that in any suit for the dissolution of the marriage contract, the same may be commenced and tried in any county in this state in which either party to the suit resides." Section 397, Or. L., provides that where the motion is not made for the purpose of delay, "The court may change the place of trial on the motion of either party to the suit where it appears from the affidavit of such party, either,— 1. That the suit has not been commenced in the proper county. * * Such change may be taken at any time before answer and not otherwise, and with like effect as in an action."

Although the defendant had appeared and answered and was present by her attorney at the trial and knew that no motion for a change of venue had been made at any stage of the proceedings, after the testimony of the plaintiff had established the fact that the suit had been brought in the wrong county, she still refrained from moving for a dismissal of the suit or for a change of venue and made no objection to the determination by the court of the issues joined by her answer and endeavored to secure a decision favorable to herself. This objection is now made for the first time upon this appeal, after the entry

of an adverse decree against her in the lower court, and for this reason the plaintiff contends that the objection comes too late.

The specific question thus presented for decision is one which has not heretofore been expressly decided by this court, and in its determination due consideration must be given to the fact that many divorces have heretofore been granted in this state in cases where, because neither of the parties resided in the county where the suit was brought, the suit had been brought in the wrong county, and, in reliance upon the validity of the decrees thus obtained, marital relations have been entered into. A determination now that all such marriages are void and that the legitimacy of the children born of such marriages is subject to question would be far reaching in its effect and disastrous in its consequences to many innocent persons.

The only case to which our attention has been called where the provisions of Sections 396 and 397, in their effect upon a suit for divorce, have received the consideration of this court, is *Hubner* v. *Hubner*, 67 Or. 557 (136 Pac. 667). In that case both the plaintiff and defendant, at the time the suit was brought, were residents of Multnomah County and not of Clackamas County, where the suit was brought. Service of the summons and complaint was made upon the defendant in Multnomah County. The defendant appeared specially and filed a motion based on the affidavit of the defendant for an order quashing the return of the service of summons and complaint so made in Multnomah County upon the ground that the service was invalid because the suit had been commenced in the wrong county. This motion was overruled and the cause proceeded to a decree. Upon ap-

peal therefrom this court reversed the decree and in doing so said: ''The objection that a party is sued in a wrong county in a divorce suit is probably waived where the defendant does not object thereto, but it is not necessary to decide that point in this case.''

In a suit where the decree sought to be recovered does not operate solely *in rem* and the defendant has been personally served within the state or has appeared generally in the suit after constructive service has been had, the law seems to be settled in this state by *Johnson* v. *Wadsworth,* 24 Or. 494 (34 Pac. 13), and *Schleef* v. *Purdy,* 17 Or. 71 (214 Pac. 137), that if the suit is a local suit under Section 396, Or. L., and the defendant fails to avail himself of the right under Section 397, Or. L., to a change of venue, he waives the right to object because the suit has not been brought in the proper county, and we can see no reason why that rule should not apply to a suit for divorce. What the rule might be in a case where the remedy sought was purely *in rem,* unless already settled by those cases, is not necessary for decision in this case.

The rule in other jurisdictions is stated in 19 C. J., page 36, Section 58–E, as follows: ''The provisions of practice acts relating to a change of venue in civil actions or special proceedings apply to divorce cases, in the absence of provisions inconsistent therewith in the statutes relating to procedure in divorce actions, in which case the latter control.'' In *Cochran* v. *Cochran,* 93 Minn. 284 (101 N. W. 179), the court held: ''If the plaintiff in an action for a divorce be a resident of the state, the fact that the action is brought in a county in which the plaintiff does not

reside is not jurisdictional. * * The motion for a change of the place of trial because the action was not brought in the proper county was correctly denied, for the reason that it does not appear from the record that any demand for such change was made before answering.''

In *Gibbs* v. *Gibbs*, 26 Utah, 382 (73 Pac. 641), the plaintiff sued for divorce charging adultery alleged to have been committed in Piute County. The action was brought in Millard County. The Constitution of that state provided that ''all civil and criminal business arising in any county, must be tried in such county, unless a change of venue be taken, in such cases as may be provided by law.'' The word ''business'' was held to mean ''cause of action,'' and to include an action for divorce. In disposing of the objection that the action had been brought in the wrong county that court said: ''Again, there is no doubt but that under Section 7, Article VIII, Const., which vests the District Court of the state with original jurisdiction, the District Court in Millard County has jurisdiction of the subject matter of this action. Therefore, as it is an action *in personam,* and as the defendant appeared, answered, and submitted his defense upon the merits, he waived all objections to the venue, and the court thereby acquired jurisdiction of his person, and had authority to, and should have, rendered a decree upon the merits.''

Instead of availing herself of her right to a change of venue under Section 397, Or. L., the defendant appeared generally, filed an answer and submitted her defense upon the merits. She thereby waived

her right to object because the suit had not been brought in Multnomah County.

For these reasons the decree appealed from is affirmed.  AFFIRMED.

BEAN, McCOURT and COSHOW, JJ., concur.