Argued March 13, reversed June 25, rehearing denied September 24, petition to recall mandate denied October 22, 1929.

## MATHILDE GEIS *v.* JAKOB GALLUS.

(278 Pac. 969.)

624

For appellant there was a brief over the names of *Messrs. G. C. and A. C. Fulton* and *Messrs. Platt, Platt, Fales & Smith,* with an oral argument by *Mr. Isham N. Smith.*

For respondent there was a brief and oral arguments by *Mr. Frank E. Manning* and *Mr. Glen R. Metsker.*

BEAN, J.—As to the allegations of fraud and duress, which we will first notice, we find in the written opinion of the learned trial judge the following:

"I am not able to say that either fraud or duress have been established to the extent or degree that would justify the holding the decree of divorce void. This plaintiff, after more or less dickering between

the two, accepted the settlement, received the money and property, and the change of name, * * but she abided by that agreement for a period of nearly two years before she took any steps to annul it, and the whole tenor of the evidence would indicate that it was not until she had concluded from the defendant's subsequent financial operations, that he had more money than she had thought he possessed, and thereupon brought this suit.''

After an examination of the testimony we fully concur with that portion of the opinion quoted. It appears that plaintiff was not dissatisfied with the settlement until defendant purchased a large automobile and commenced the construction of a new house. To read between the lines, she was jealous and did not want any other woman to accept her former place as defendant's wife. In the settlement she was first offered a building lot said to be worth about $8,000. This she refused as it did not afford her a home. She thoroughly understood what she was doing and appeared fully capable of looking out for herself in making the bargain. She was educated in the public school in Germany, and had learned the English language quite well in New York.

In her testimony she gave a detailed statement, as plainly as defendant could, of defendant's business undertakings in Astoria, Oregon, Vancouver, Washington and Montavilla, Oregon, where defendant operated a meat market. Both had worked together starting with a capital of his of $1,000, combined with that of hers of $3,000. They prospered until the sad time of the parting of the ways.

It is not shown that the defendant (plaintiff in the divorce preceedings) did not have a valid cause for divorce, and the assertion of collusion of the parties in the former suit, should be eliminated. Jakob

had a perfect right to negotiate a settlement in regard to property rights with this wife. Such an agreement having been approved by the court is binding upon the parties: *Henderson* v. *Henderson,* 37 Or. 141 (60 Pac. 597, 61 Pac. 136, 82 Am. St. Rep. 741, 48 L. R. A. 766); *Sandoz* v. *Sandoz,* 107 Or. 282 (214 Pac. 590); *Ogilvie* v. *Ogilvie,* 37 Or. 171 (61 Pac. 627). This is not an appeal from the decree in the divorce case and we are not to retry that suit.

■ In order to constitute collusion there must be an agreement between the parties. Collusion is not necessarily established by an agreement for the division of property in the event a divorce is granted. It is not collusion for defendant to voluntarily submit to service of process: 19 C. J., p. 92, § 215.

■ The divorce complaint alleges:

"That the plaintiff has been a *bona fide* resident and inhabitant of the state of Oregon for the period of ten years immediately preceding the commencement of this suit."

The record conclusively shows that Jakob was, at the time the divorce suit was instituted, and for many years prior thereto had been, and since has continuously been, a *bona fide* resident and inhabitant of the State of Oregon, and Mathilde states in her original complaint:

"That plaintiff and defendant were at all times herein mentioned, and are now, residents and inhabitants of Multnomah County, Oregon, and neither of said parties have ever been residents or inhabitants of Columbia County, Oregon."

The jurisdictional facts, therefore, amply existed. The contention arises over the allegation in the divorce complaint, but that paragraph was understood by Jakob, by his attorney and by the court, and

was construed by the court in the rendition of the decree to import a present, continued residence for ten years. The words "immediately preceding the filing of the complaint" tie the residence to the exact instant of the institution of the suit, and should be so construed, especially after the findings and decree in the case.

■ In the Parrish case, 52 Or. 160 (96 Pac. 1066), the complaint failed to allege either that the plaintiff was a resident and inhabitant of the state at the time the suit was filed or for the year next prior thereto. The complaint there said at page 161, "plaintiff now resides in Linn County, Oregon." The presumptions are in favor of the validity of the decree and the court should adopt that construction if reasonable, which will sustain rather than defeat the decree: *Hanzlik* v. *Hanzlik,* 110 Or. 95 (222 Pac. 1081).

■ The language of the divorce complaint indicates that plaintiff was an inhabitant of the state at the time of the commencement of the divorce, and was doubtless so construed by the Circuit Court at that time. It might possibly come within the category of a defective statement of a good cause of suit, but we doubt even this. It is admitted in this case that neither of these parties resided in Columbia County at the time the suit for divorce was commenced. The Circuit Court was of the opinion that for the reason the suit was brot in a county in which neither party resided, the court was without jurisdiction to grant the decree relying upon the case of *Hubner* v. *Hubner,* 67 Or. 557 (136 Pac. 667). With this holding we cannot agree.

Section 396, Or. L., provides, "That in any suit for the dissolution of the marriage contract, the same

may be commenced and tried in any county in this state in which either party to the suit resides."

In the case of *Hubner* v. *Hubner, supra,* it was shown by the affidavit of the defendant, and not denied, that both parties to the suit were residents of Multnomah County when the suit was commenced and that neither of them had resided in Clackamas County where the suit was brought. It was held that the court should have quashed the service and dismissed the suit, in the opinion written by Mr. Justice BURNETT. He further remarked as shown at page 565 of the Report:

"Without a showing by affidavit that neither of the parties resided in the county in which the suit was commenced, it might be contended, in support of the jurisdiction of a Superior Court, that it should be presumed *prima facie* that one of the parties resided in that county. The showing by affidavit was necessary to overcome that presumption and thus prove that the service of the summons was invalid."

Section 397, Or. L., provides that where the motion is not made for the purpose of delay, "the court may change the place of trial on the motion of either party to the suit, where it appears from the affidavit of such party, either, "(1) that the suit has not been commenced in the proper county, * * "

*Hanzlik* v. *Hanzlik,* 110 Or. 95 (222 Pac. 1081), was a suit for divorce. The testimony of the plaintiff established the fact that the suit had been brought in the wrong county. There was no motion for a dismissal or for a change of venue. Upon appeal the objection was made for the first time after the entry of a decree. Mr. Justice RAND, at page 99 of the Report, records the following:

"In a suit where the decree sought to be recovered does not operate solely *in rem* and the defendant

has been personally served within the state or has appeared generally in the suit after constructive service has been had, the law seems to be settled in this state by *Johnson* v. *Wadsworth*, 24 Or. 494 (34 Pac. 13), and *Schleef* v. *Purdy*, 107 Or. 71 (214 Pac. 137), that if the suit is a local suit under Section 396, Or. L., and the defendant fails to avail himself of the right under Section 397, Or. L., to a change of venue, he waives the right to object because the suit has not been brought in the proper county, and we can see no reason why that rule should not apply to a suit for divorce. What the rule might be in a case where the remedy sought was purely *in rem*, unless already settled by those cases, is not necessary for decision in this case."

This opinion settles the question in regard to the nonresidence in the county where this suit was brought and the lucid discussion renders extended comment here unnecessary.

It has been generally held by the courts that in a divorce suit, if the defendant is a resident of the state, the venue is waived by failure to appear: 19 C. J., p. 36, § 57.

■ The findings of the trial court state that summons was not served upon the district attorney for Columbia County, but that he did accept service on the complaint of the "within complaint and summons" in the divorce suit on December 9, 1924.

The findings further recite, and the record in the divorce case shows, that after the institution of the present suit the record in the divorce suit was corrected *ex parte* on the application of Jakob Gallus to show that the service was made upon the district attorney of Columbia County on December 9, 1924. For this reason the divorce decree is also assailed, but it is well settled that it is the fact of service and not the proof of it which gives jurisdiction: *Cranston* v.

*Stanfield,* 123 Or. 314 (216 Pac. 52). The record was properly corrected to show the facts: *Wade* v. *Wade,* 92 Or. 642 (176 Pac. 192, 178 Pac. 799, 182 Pac. 136, 7 A. L. R. 1143); *Costello* v. *Costello,* 120 Or. 439 (259 Pac. 303).

In the Wade case it is also held that the trial court is without power at a subsequent term to set aside the correction of the record. Further, the service on the district attorney was cured by Or. L. 1927, Chapter 19, page 36. Judge EAKIN's opinion notes this law and sustains the service on the district attorney because of the amendatory act, basing his conclusion not upon the act itself, but upon *Brand* v. *Multnomah County,* 38 Or. 79 (60 Pac. 390, 62 Pac. 209, 84 Am. St. Rep. 772, 50 L. R A. 389). Plaintiff's complaint in the present suit alleges:

"That this plaintiff and defendant were intermarried at Vancouver, Washington, on the 15th day of February, 1915, and were husband and wife until the 22nd day of December, 1924, on which date a decree of divorce was entered in this court forever dissolving said marriage contract, and in which cause Jakob Gallus was plaintiff and Mathilde Gallus was defendant."

There is much to indicate that this suit is brought for the purpose solely of forcing an advantageous settlement by plaintiff, on account of the subsequent marriage of Jakob Gallus to Flora Botano.

The decree of divorce is not impeached. The decree of the Circuit Court is reversed and the suit is dismissed.

REVERSED. REHEARING DENIED. PETITION TO RECALL MANDATE DENIED.

BELT and ROSSMAN, JJ., concur.

BROWN, J., took no part in the consideration of this case.