Argued September 16; affirmed September 22, 1936

# TAYLOR *v.* TAYLOR
(60 P. (2d) 942)

*Leland S. Duncan,* of McMinnville, for appellant.

*Francis Marsh,* of McMinnville (Marsh & Marsh, of McMinnville, on the brief), for respondent.

CAMPBELL, C. J. On February 15, 1899, plaintiff and defendant intermarried. At the time of their marriage, neither possessed any property except some personal effects of small value. They lived and worked together on a farm until 1920. At that time, plaintiff concluded that she could make more money working in a store and moved to McMinnville where she secured employment in a grocery store. The defendant con-

tinued to work the farm, and occasionally rent it. He finally moved to McMinnville and became an employee of other persons. .

About the year 1929, some difficulty arose between the parties and on September 2, 1930, they ceased to live together as man and wife. Up to this time, they had accumulated, by their joint efforts, a farm worth $9,000, which they owned by an estate in the entirety, and something more than $4,200 in cash which was deposited in joint savings accounts. Neither one had received any money or property by gift or inheritance. After separation, each one retained control over his or her earnings. No children were born of this union, nor were any adopted.

In April, 1935, the parties concluded to effect a property settlement preliminary to a divorce. While negotiations were pending regarding the property settlement, plaintiff alleges that they attempted to effect a reconciliation. They then agreed that all of their property should be divided equally between them. This was done by each one taking one-half of the cash in the banks, and the wife executing a deed to the husband conveying all her interest in the real estate, the husband to pay the wife $4,500, being one-half the total value of said real estate. This sum was secured by a mortgage on said real estate executed by the husband to the wife and made payable two years from date of execution. Their efforts to adjust their marital differences failed, and they never again assumed the relationship of man and wife. No reconciliation was effected. The husband continued to live separate and apart, and the wife believing that he was continuing in his misconduct of which she complained, brought this suit on June 5, 1935, for the dissolution of the marriage contract, and asked

to be awarded a one-third undivided interest in the real property held by the husband, this being the same real estate that they had owned by an estate in the entirety prior to the time that she had deeded her interest to him.

The husband denied that he was guilty of the misconduct alleged in the complaint and further alleged that the plaintiff and defendant had effected a property settlement in contemplation of living separate and apart thereafter, and that said property settlement was intended to release any interest that either had in the property of the other by virtue of the marriage contract or otherwise.

After hearing the testimony, the court made findings to the effect that plaintiff was entitled to a decree dissolving the marriage contract and:

"* * * that prior to the institution of this suit the parties hereto effected and executed a complete property settlement between them, which settlement was and is fair and equitable, is binding upon the parties hereto, and should be approved by this Court; * * *".

The court entered a decree in accordance therewith and gave judgment to plaintiff for $100 attorney's fees and her costs and disbursements. From that portion of the decree refusing to grant plaintiff an undivided one-third interest in the real estate belonging to defendant, plaintiff has appealed.

■■ There is no question of law involved in this appeal. The preponderance of the evidence, which we have carefully read, fully supports the findings of the learned trial judge, and we find no reason for disturbing his decree and judgment.

The law favors the maintenance of the marital relation but it does not frown upon contracts between husband and wife, entered into in good faith, not tainted with fraud, and without undue advantage being taken by either party in the settlement of their property rights in contemplation of living separate and apart or of divorce. When such contracts are entered into and are just and equitable, they will be held binding on the parties thereto: *Halstead v. Halstead,* 74 N. J. Eq. 596 (70 Atl. 928); *Hill v. Hill,* 124 Or. 364 (264 P. 447).

The decree of the circuit court will be affirmed. It is so ordered.

KELLY, J., concurs in the result.