Argued December 17, 1958, affirmed December 24, 1958, petition
for rehearing denied February 25, 1959

# PAYNE *v.* PAYNE

332 P. 2d 1075
335 P. 2d 606

*William K. Shepherd,* Portland, argued the cause and filed briefs for appellant.

*Windsor Calkins,* Eugene, argued the cause for respondent. On the brief were Calkins & Calkins, Eugene.

Before PERRY, Chief Justice, and LUSK, WARNER and SLOAN, Justices.

PER CURIAM.

Margaret E. Payne, the plaintiff-appellant, and A. C. Payne, the defendant-respondent in this matter, were divorced in Lane County, Oregon, on May 4, 1953.

Prior thereto and in contemplation of a severance of their marital union, the parties entered into a separation and property settlement agreement on April 23, 1953. This, among other things, provided for alimony in the amount of $10,000 and certain divisions of property. The agreement was approved by the court in the divorce decree and declared binding upon both parties.

Mrs. Payne, more than two years after the entry of decree in the divorce matter, instituted the instant suit for the purpose of rescinding the agreement of April 23, 1953. She alleges that the settlement agreement was grossly inadequate and unfair and was not the act of the plaintiff. Her prayer is for a redetermination of the financial status of the parties as of the date of the settlement agreement, and predicated upon such findings, for an order equitably redistribut-

ing the assets. In essence, she seeks a modification of the divorce decree, for such would be the result to the extent her prayer for relief was granted. From a decree dismissing her complaint, the plaintiff appeals.

In view of the reasons for our holding, it is unnecessary for us to supply a recital of plaintiff's alleged reasons for bringing this suit.

■ Beginning with *Henderson v. Henderson,* 37 Or. 141, 149, 60 P 597, 61 P 136, 48 LRA 766, this court for more than a half century has consistently held that a decree approving and carrying into effect the terms of an agreement between husband and wife respecting a property settlement which has been approved by the court cannot thereafter be modified by the court without the consent of the parties. *Geis v. Gallus,* 130 Or 619, 278 P 969; *Beaman v. DeShazor, Jr.,* 197 Or 669, 674, 255 P2d 157; *Feves v. Feves,* 198 Or 151, 160, 254 P2d 694. An exception, however, is made to the rule respecting possible modification of that part of a settlement relating to alimony. *Prime v. Prime,* 172 Or 34, 49, 139 P2d 550; *Briggs v. Briggs,* 178 Or 193, 196, 165 P2d 772, 166 ALR 666.

■■ Requests for modifications of divorce decrees are addressed to the court granting the decree. To the limited extent that plaintiff may prove herself entitled to such modifications, she should seek her relief in the original divorce proceeding.

Affirmed.

On Appellant's Petition for Rehearing

William K. Shepherd, Portland, for the petition.

PER CURIAM.

The petitioner argues that the effect of our original opinion (215 Or 412, 332 P2d 1075) is to hold that a property settlement agreement made in contemplation of a divorce is never subject to challenge or rescission if its execution was induced by fraud, duress, mistake, or undue influence. We of course recognize the rule that the remedy of rescission is open to a party who has been induced to enter into a settlement agreement by inequitable conduct of the other party.

*Beaman v. DeShazor, Jr.*, 197 Or 669, 675, 255 P2d 157; *Taylor v. Taylor*, 154 Or 442, 445, 60 P2d 942; *Feves v. Feves*, 198 Or 151, 159, 254 P2d 694. While the allegations of the amended complaint in this case intended to charge misrepresentations, coercion, undue influence and duress on the part of the defendant are of a somewhat nebulous character, yet in the absence of demurrer, we have concluded that they are sufficient. We, therefore, withdraw our former opinion, and have re-examined the testimony to determine whether the charges are sustained.

We are confirmed in our former conclusion that the plaintiff's suit is without merit. There is a complete absence of proof that plaintiff's execution was the product of misrepresentation, coercion, undue influence or duress upon the part of the defendant. It was she who initiated the divorce proceedings in February, 1954. The negotiations for the settlement reached late in April of that year were the result of many conferences in the intervening time, with ample opportunity to her for investigation, inquiry and reflection, and with no record of defendant's refusal to make a full disclosure of his financial status. We note, too, that at approximately the time the agreement was signed, defendant suggested a reconciliation.

We are not impressed with the claim that plaintiff's mental health during this period had any bearing on the ultimate outcome. Although there was no medical testimony of any kind, we have no doubt that Mrs. Payne was nervous and upset, but, apparently, to no greater degree than a normally sensitive person would be when confronted with a domestic crisis of this kind, and never to the extent that it impaired her competency to negotiate as she did.

The petition is denied.