Argued February 6, affirmed March 27, 1968

JENSEN, *Respondent, v.* JENSEN, *Appellant.*

438 P. 2d 1013

*Hugh L. Barzee,* Portland, argued the cause for appellant. With him on the briefs were William E. Tassock and Barzee, Leedy & Tassock, Portland.

*James H. Clarke,* Portland, argued the cause for respondent. With him on the brief were Frank H. Spears, George L. Kirklin and McColloch, Dezendorf & Spears, Portland.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL and LANGTRY, Justices.

LANGTRY, J. (Pro Tempore).

Plaintiff wife and defendant husband, who had three minor children, were divorced in 1954. They entered into a written property settlement agreement in which husband agreed that everything he had or would become entitled to under his father's will was to be paid to wife as trustee.

Under a trust agreement, executed as part of the property settlement, the parties provided that at such time as wife died or remarried any principal remaining in trust was to be divided equally among the children and paid directly to those over twenty-one. The share of any minor child was to remain in trust for use of

that child's support, if necessary. At majority, the child would be given any remaining principal.

Husband's father's will had established a trust (with a bank as trustee) for the benefit of husband and wife, and it also stated that in the event of a divorce the trust income would be payable to the wife, providing she received custody of the children. If the wife remarried, the trust income could be paid to her for support of the children only when deemed necessary by the trustee. The trust assets were to be divided among the children when the youngest one attained age twenty-five.

In husband's reply brief his counsel asserts his father's estate "was closed and distributed years ago."[1]

By the instant motion the husband seeks modification of the divorce decree to: (1) abate the provisions of the divorce decree which require him to pay support for wife and children; (2) "Setting aside * * * so much of such decree as provides for the appointment of a trustee to receive moneys * * *;" (3) "Setting aside * * * so much of the decree as directs defendant to pay sums of money to plaintiff as trustee for the married children * * *."

The trial court allowed (1), and denied (2) and (3).

■ The first of husband's requests in the motion was granted because the wife is remarried and the children have attained majority. The provision of the divorce decree for their support was properly terminated.

■ The second request of the motion is to set aside

---

[1] In view of this statement, there may well be a question as to requests (2) and (3) of the motion being moot.

"so much of the decree as provides for the appointment of a trustee  *  *  *." The decree does not provide for appointment of a trustee. It does approve the contract the parties made in which *they* created a trust and provided for a trustee. Because the court approved the settlement agreement does not mean the court created the trust. There is nothing to be done in respect to this request.

The third request is to set aside the part of the decree that directs husband to pay money to wife as trustee for the "married children." Having ruled that the support payments are terminated by reason of the majority of the children, this request may well be moot. The reference to them as "married children" seems to carry with it the thought the husband should no longer be called upon to pay anything toward their support. But, if it is given this meaning such does not appear to be exactly what husband meant. At the close of his brief, he asks the court to vacate as much of the decree "as may be construed to direct defendant to pay sums of money to or for the children born of the marriage  *  *  *." This thought is broader than the first; it includes all payments, whether the obligation arises by reason of support or property settlement.

The request viewed in this context appears to hold within it the reason for the present litigation.

In the settlement agreement, husband gave to the trust for his wife and children, *inter alia*:

"*  *  *  Forthwith upon execution of this agreement, First Party [husband] agrees to execute with Second Party [wife] the Trust Agreement attached hereto as Exhibit A and made a part hereof, thereby assigning and transferring to said Second Party in trust all of his right, title and interest in and to the corpus and/or proceeds of the

said trust and the estate of Claude S. Jensen, deceased, * * *. If the said present transfer by First Party of all or any part of such right, title and interest in and to said trust and estate should for any reason be ineffectual, and if at any time hereafter First Party receives, or is entitled to receive, any distribution whatsoever from said trust or estate, First Party hereby covenants and agrees * * * to transfer, assign and set over such property immediately upon the receipt thereof to the Second Party * * * to be held, distributed and administered in accordance with the provisions of the Trust Agreement attached hereto as Exhibit A and made a part hereof."

In the trust agreement referred to as Exhibit A, which was executed by the parties concurrently with the settlement agreement and was a part of the total agreement approved by the court, is the following language:

"1. Trustor [husband] hereby irrevocably grants, assigns, transfers, conveys, and delivers to Trustee [wife] all of his right, title and interest which he now has, or at any time hereafter he * * * may have, in and to any and all property of whatsoever kind or nature, wheresoever situated, to which he * * * may now be or at any time and in any way hereafter may become entitled, in trust or otherwise, under any paragraph or provision of the Last Will and Testament of Claude S. Jensen, deceased, including but not limited to the terms and provisions of paragraphs XIII and XVIII of said Last Will and Testament * * * agrees to execute such further instruments of conveyance or transfer, and/or give such directions, as may be necessary or desirable, in the sole opinion of the Trustee, for the purpose of completely vesting the entire ownership of any and all such property in and to the said Trustee, in trust, for the uses and purposes hereinafter stated."

Paragraph 3 of the Trust Agreement states:

"3. The Trustee shall hold the trust property upon the terms and conditions herein set forth, and for the following uses and purposes:

"(a) All of the net income of the trust shall be paid, in quarterly or other convenient installments, to EVELYN L. JENSEN until her death or remarriage, whichever occurs the earlier.

"(b) Upon the death or remarriage of EVE-LYN L. JENSEN, the Trustee shall pay over or distribute the then principal of the trust in equal shares to such of VYONNE CLAUDIA JENSEN, CHRISTINE SIGRID JENSEN and JENNIFER LEE JENSEN, who are children of EVELYN L. JENSEN * * *; if any person entitled to receive principal distribution hereunder is then under the age of twenty-one (21) years, the share of such person shall be continued in trust for the benefit of said individual until he or she attains the age of twenty-one (21) years, at which time the entire assets of the share shall be paid or distributed to the person for whom said share is being held in trust * * * during the continuance of the trust the Trustee shall have power, authority and absolute discretion to pay to or expend for the benefit of such person, from time to time, from the income and/or principal of such share, such sum or sums as the Trustee may deem necessary or proper to provide for his or her suitable maintenance, support, comfort, education and health."

■■ Because the wife has remarried and the children have reached majority, the language quoted above has vested in the children beneficiary rights to any property which may exist under the trusts. They are not parties to this proceeding, and having attained majority are no longer the object of the court's support authority. Now, they must be viewed as strangers to this litigation. Despite the legislation which gives full equity powers to the divorce court, nothing in the

statutes gives the court, when hearing a divorce action, the extended authority to decide matters involving vested interests of strangers to the action.

ORS 107.100 (1)(a)(e), urged by husband as the statute which entitles him to the requested relief, states in part:

ORS 107.100.

"(1) Whenever a marriage is declared void or dissolved, the court has power further to decree as follows:

"(a) For the future care and custody of the minor children of the marriage as it may deem just and proper * * *.
* * *

"(e) For the appointment of one or more trustees to collect, receive, expend, manage or invest, in such manner as the court directs, any sum of money decreed for the maintenance of a party or the nurture and education of minor children committed to such party's care and custody."

As already noted, under (a), the support provisions for the children have been removed. Under (e) there is no issue, for the court did not appoint a trustee. ORS 107.100(4) states that the divorce court "* * * shall make such division or other disposition between the parties of the * * * property * * * as may be * * * proper * * *." The Oregon law applicable to the divorce court's authority over property settlement agreements and the substance of husband's motion in this case is well stated in *Prime v. Prime*, 172 Or 34, 49-50, 139 P2d 550 (1943):

"* * * Although there are conflicting decisions upon substantially every question relating to the power of courts to modify divorce decrees for future payments, we find in the above cited cases an underlying principle which may be stated

as follows: An agreement of the parties approved as fair in the divorce decree may provide for a division of property rights and also for the payment of future installments for maintenance. Although both provisions be included in the same instrument they may be treated as separable, the provisions for division of the property being binding and beyond the power of the court to modify, the provisions concerning future installments for maintenance being, however, subject to modification in the event of changed conditions. The many authorities cited can be explained upon no other theory than that the executory provisions are to be deemed separable from the provisions relative to the division of property. As to the executory provisions, the parties are deemed to have contracted in view of the statute authorizing modification thereof. There is sound reason in support of this principle. The presently executed provisions of the property settlement are approved by the court as of the date of the final decree, and as to them the possibility of future changes in the financial condition of the parties becomes immaterial  *  *  *."

This case was not cited in briefs, but it was preceded by similar rulings. See *Taylor v. Taylor,* 154 Or 442, 60 P2d 942 (1936) ; and *Geis v. Gallus,* 130 Or 619, 218 P 969 (1929). It has often been cited in later cases. See *Feves v. Feves,* 198 Or 151, 254 P2d 694 (1953).

◼ The above quoted parts of the property settlement agreement and trust agreement made by the parties were not executory in nature, as were other provisions in the settlement agreement which were for monthly support payments. The latter were subject to change under changing conditions, but the provisions quoted above from the agreements, in the words of *Prime,* are "provisions for division of the property

\* \* \* binding and beyond the power of the court to modify \* \* \*."

We think this view is fortified by the fact that ORS 107.100(4) limits the disposition the court can make of the property to "between the parties." Other statutory provisions give authority for ordering support of the children, and this authority exists only during their minority. The court's limited authority to dispose of property "between the parties" did not prevent the parties themselves from contracting to make third-party children beneficiaries of their agreement, or the court from approving their contract. But the court's jurisdiction was not thereby enlarged in the sense that the third-party children's rights under the contract could be litigated in their parents' divorce case after their majority. Just as the divorce court has no authority to enforce by contempt any of the contract provisions not having to do with the support of minor children or alimony for wife before her remarriage (see ORS 23.020(3); *Ward v. Ward,* 156 Or 686, 68 P2d 763, 69 P2d 963 (1937); and note in Annotation, 154 ALR 443, 468 (1945)), it would have no jurisdiction to adjudicate the vested rights of the adult children under the trust provisions of the contract.

The ruling of the trial court on the three requests of husband's motion are consistent with this opinion and its ruling is affirmed.