Argued March 6, reversed with instructions March 26, 1969

# KUCKENBERG, *Respondent, v.* KUCKEN-
BERG, *Appellant.*

452 P. 2d 305

*James R. Moore,* Portland, argued the cause for appellant. With him on the briefs were Thomas M. Triplett and Mautz, Souther, Spaulding, Kinsey & Williamson, Portland.

*Thomas A. Davis,* Portland, argued the cause for respondent. With him on the brief were R. W. McMenamin and McMenamin, Blyth, Jones and Joseph, Portland.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, HOLMAN and HAMMOND, Justices.

HAMMOND, J. (Pro Tempore).

This appeal is from an order entered at the conclusion of a proceeding that followed the entry of a decree granting to the plaintiff wife a divorce from the defendant. A division of the properties and other assets of the parties was effected by a property settlement agreement entered into between them and incorporated into the decree by reference thereto.

That part of the property settlement agreement involved in the present dispute is as follows:

"2. Husband hereby agrees to and does hereby transfer, remise, release and forever convey unto Wife all right, title and interest which he may have or hereafter acquire in and to any and all of the property (whether real, personal or mixed) hereinafter described:

"* * * * *

"(d) Such of the furnishings of the 'home' property located at 6135 S. W. Mill Street, Portland, Oregon, as Wife and Husband shall mutually agree to.

"* * * * *

"3. Wife hereby agrees to and does hereby transfer, remise, release and forever convey to Husband all right, title and interest which she may have or hereafter acquire in or to any and all of the property (whether real, personal or mixed) which is presently held by the Husband or in the joint names of the Husband and Wife or which may have been acquired by the parties during their marriage and is in the possession of either of them and which is not specifically listed in paragraph 2 above."

Substantial other properties were involved in the agreement including the "home" property which the husband retained and in which the articles in dispute were located and including also the "beach house" and its contents which became the sole property of the wife.

At the time of the execution of the agreement and when the decree of divorce was taken it appeared probable that the parties would reach an amicable division of the "furnishings of the 'home' property," but, in spite of great effort expended by the parties and their attorneys to that end, no understanding could be reached regarding its division.

About a month after entry of the decree the defendant husband filed with the court a motion supported by his affidavit alleging that plaintiff had taken from the home certain items which he claimed belonged to him. He asked that plaintiff be required to return the articles. Shortly thereafter the plaintiff filed her counter motion and affidavit claiming ownership of what was in her possession and alleging that defendant refused to agree on a division of the furnishings. She asked that the court make a division of the furnishings according to a list contained in her affidavit.

Plaintiff did not contend, either in her motion and affidavit or in her testimony, that she was entitled to one half of the household goods either in kind or in value. She expressed her reasons why certain items should go to her rather than to the defendant and related her understanding of the property settlement agreement as follows:

"THE COURT: Now, the agreement itself provides that you are to receive certain things, the car, the beach house, your personal clothing, your jewelry, $200,000, and those items in the home property that you both agreed you should have. You also then provided that the home and the contents of the home, except those otherwise covered to go to Mr. Kuckenberg, did you understand that agreement?

"THE PLAINTIFF: Yes. With the understanding that the furnishings would be divided.

"THE COURT: At the time of the trial did you make known to the trial court that it was your understanding that the court would have to decide which items in the home should be awarded to you and which items in the home would be awarded to Mr. Kuckenberg?

"THE PLAINTIFF: No. Because at the time we were hoping that Mr. Kuckenberg would mutu-

ally agree to an equitable, reasonable division of the things in the home."

The defendant, who was the only other witness at the hearing in question, testified briefly to collateral matters. His position upon this appeal is that since the parties have failed to agree regarding the items that plaintiff should have, the court should leave the parties where it found them and defendant contends that he is entitled to retain the property in his possession.

A hearing on the motions proved only that many articles were involved, that the total value thereof was substantial and agreement between the parties was not attainable. The court felt incapable of dividing the properties in kind since comparable values of individual items were not known.

The court then issued the order from which this appeal is taken, which order directed the sheriff to take possession of all of the personal property (excluding clothing) located in the "home" property and all items described in defendant's affidavit. The sheriff was ordered to sell all of the property and further "* * * That upon the sale of the items as outlined above, the proceeds thereof shall be divided equally between the parties." Plaintiff was allowed an attorney fee of $150.

It is conceded by the parties and obvious from the record that no attempt was made to institute a supplemental proceeding under ORS 107.100(5) which permits either party to a divorce to maintain supplemental proceedings by filing in the suit a petition for the partition of real or personal property of which the parties, as a result of the decree, became owners of undivided interests. In the instant case each party demanded

that the other be required to deliver over possession of specific items of personalty.

■ The basis of defendant's appeal is his contention that the court had no authority to assume jurisdiction of the matter in the first instance and that the order entered exceeded the court's authority. Plaintiff responds that since ORS 107.410 gives to a domestic relations court full equity powers such court may enforce a property settlement agreement and its divorce decree.

ORS 107.410 provides:

"When a court is sitting in proceedings for divorce, annulment or separation, it shall have full equity powers."

We do not feel that it is appropriate here to delineate the scope or extent of the jurisdiction conferred by such statute. Suffice it to say that the statute does not permit the court to create a new contract for the parties.

Nothing in the transcript of the proceedings leading to the divorce and nothing in the decree itself indicates that the court intended to retain jurisdiction of the parties or their properties for any purpose. However, plaintiff contends that the above quoted provisions of the property settlement agreement are executory in nature and therefore inherently a continuing responsibility of the court. We disagree.

■ The parties entered into a contract in anticipation of a divorce, which contract, when now considered in retrospect, appears incapable of exact fulfillment to the complete satisfaction of either party. The fact that the court approved the property settlement agreement does not mean that the court created the contract. The

property division, though appearing to need interpretation and implementation in another proceeding, is binding and beyond the power of the court to modify. *Jensen v. Jensen,* 249 Or 423, 438 P2d 1013 (1968); *Payne v. Payne,* 215 Or 412, 332 P2d 1075, 335 P2d 606 (1958); *Prime v. Prime,* 172 Or 34, 139 P2d 550 (1943).

The challenged order would effect a modification of the contract between the parties, an act not contemplated by the motion of either party nor authorized by the statutory or equitable jurisdiction of the court. The granting of attorney fees in a divorce proceeding is purely a creation of statute and the court has no authority to go beyond it. There is no statutory provision for attorney fees in a proceeding such as this. *Aldrich v. Aldrich,* 129 Or 111, 276 P 267 (1929).

Reversed with instructions to dismiss the motions of both parties and with costs to neither.

Argued March 7, affirmed March 26, 1969

STATE OF OREGON, *Respondent,* v.
CHARLES GEORGE CUNNINGHAM,
*Appellant.*

452 P. 2d 315

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed a brief for appellant.

*Michael E. Murphy,* Deputy District Attorney, Eugene, argued the cause for respondent. With him on the brief was John B. Leahy, District Attorney, Eugene.

Before SLOAN, Presiding Justice, and GOODWIN and HOLMAN, Justices.

## GOODWIN, J.

Defendant appeals from a judgment of imprisonment for three years entered following his plea of guilty to a charge of violating ORS 161.330, which proscribes threatening the commission of a felony. Defendant was charged with threatening to kill another.

The assignment of error asserts that the plea of guilty was improvidently entered.

After sentence had been imposed, the defendant wrote a letter to the trial judge asserting that his guilty plea had been induced by the promise of his court-appointed attorney that he would be punished by "time served." The trial court, treating the letter as a motion in arrest of judgment, set the matter for hearing. At the hearing, the court attempted to take the defendant's testimony on the truth of the allegations contained in his letter. The defendant stood mute.

The defendant now asserts that the reason he stood mute at the hearing upon his informal motion was that he felt intimidated by the bearing of the trial judge and by the courtroom environment. These, and other assertions which the defendant now makes, constitute no ground for an appeal from a judgment on a guilty plea. ORS 138.050. On the other hand, ORS 138.510 to 138.680 provides a comprehensive post-conviction remedy under which relief, if justifiable, can be had.

Affirmed.

Argued March 17, petitions allowed, corrected ballot title certified to Secretary of State March 26, 1969

ROGERS, *Petitioner, v.* MYERS, *Respondent,*
and
RHOTEN, *Petitioner, v.* MYERS, *Respondent.*
452 P. 2d 302

Keith D. Skelton, Portland, argued the cause and filed a brief for petitioner Rogers.

David G. Frost, Hillsboro, argued the cause for petitioner Rhoten. With him on the brief was Robert G. Davis, Medford.

Walter J. Apley, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before PERRY, Chief Justice, and McALLISTER, DENECKE, HOLMAN, LANGTRY and HAMMOND, Justices.

## HOLMAN, J.

House Joint Resolution 8 was enacted by the 55th Legislative Assembly. It submits to a vote of the people on June 3, 1969, a proposed amendment to the Oregon Constitution creating a new Section 11a to be added to Article XI. A ballot title was prepared for the proposed amendment by the legislature in conformance with ORS 254.073(1). Two separate petitions for review of the ballot title were filed in this court pursuant to ORS 254.077 by persons who are dissatisfied with it. The two proceedings were consolidated for hearing.

· To describe all of the amendments, provisions and effects in detail would require a more voluminous discourse than is possible or proper in any legal opinion. Generally, however, the amendment does the following:

(a) provides that no school district has the authority to levy an ad valorem tax in any year so as to raise a greater amount of revenue than its tax base; offsets the basic school support against any tax levied by the school district;

(b) changes the manner of setting tax bases for school districts and defines the power of the school districts by election to levy property taxes in excess of the tax base;

household income is less than $3,500 for the tax year; HB 1127 providing for the imposition of a three percent sales and use tax which exempts food and prescription drugs;