Argued and submitted November 13, 1981,
affirmed as modified March 22, 1982

In the Matter of the Marriage of

## SCHANDONEY,
*Respondent,*

*and*

## SCHANDONEY,
*Appellant.*

(No. 80-0297-NJ-1, CA A21036)

642 P2d 323

William P. Haberlach, Medford, argued the cause for appellant. With him on the brief were John R. Hanson, and Cushing, Haberlach, Hanson & Black, Medford.

No appearance made by respondent.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Wife appeals from that portion of a dissolution decree approving a property settlement agreement entered into between the parties in anticipation of divorce. Husband did not appear in this court. We agree with wife's contention that the property settlement agreement awarding husband substantially all of the marital assets, including the family residence, is grossly inequitable, and we modify the decree accordingly.

The parties were married for 21 years and have four children, three of whom are minors living with wife. Husband is employed as a truck driver and has a net income of $1,100 per month. Wife quit school before completing the 12th grade to marry husband and, except for a brief period in 1963, has not been employed outside the home since the marriage. The only substantial asset of the marriage is the parties' residence, which the parties agree has a value of $85,000, subject to a mortgage of approximately $23,500.

On January 25, 1980, husband filed for a dissolution. On February 8, 1980, husband drove wife to his attorney's office and requested her signature on a property settlement agreement already prepared by husband's attorney. That agreement provided that wife have custody of the minor children and that husband pay $75 per month for support of each child. The agreement also provided that husband be awarded the family residence, as well as the automobiles owned by the parties, as his sole property.

After reading the agreement, wife refused to sign and left the attorney's office. Husband followed wife outside and told her that if she did not sign the agreement, he would take custody of the children. Wife then returned to the office and signed the agreement. She was neither represented nor advised by counsel during that period.

A default decree was entered in May, 1980, which approved the property settlement agreement. Shortly thereafter, wife obtained counsel and successfully moved to set aside the decree. Thereafter, a dissolution hearing was conducted in April, 1981, at the conclusion of which the trial judge approved the property settlement agreement,

notwithstanding his conclusion that it was inequitable. The trial court apparently believed that it was obligated to enforce the property "division" contained in the agreement regardless of its inequity. It did, however, increase the child support to $115 per month per child and awarded wife spousal support of $125 per month for two years.

■  A property settlement agreement entered into in anticipation of a dissolution is enforceable only to the extent that it is equitable. *Jensen v. Jensen,* 249 Or 423, 438 P2d 1013 (1968); *Prime v. Prime,* 172 Or 34, 139 P2d 550 (1943); *Taylor v. Taylor,* 154 Or 442, 60 P2d 942 (1936); *Mollier and Mollier,* 33 Or App 575, 577 P2d 94 (1978).

■ ■  We agree with the trial court that the property settlement agreement here is inequitable; we refuse to enforce it. Rather, we apply the factors enumerated in *Frishkoff and Frishkoff,* 45 Or App 1033, 1040, 610 P2d 831 (1980),[1] and in ORS 107.105(1)(e),[2] which provides that the contribution of the spouse as a homemaker be considered as a contribution to the acquisition of marital assets. We modify the decree to provide that the family residence be sold within 180 days from the date of the modified decree and that the equity realized on the sale, after payment of all expenses of sale, be divided equally between husband and wife. In all other respects, the decree is affirmed. Costs to appellant.

---

[1] These factors stated in *Frishkoff and Frishkoff, supra,* 45 Or App at 1040, are:

" 'The financial condition of the parties; the nature and value of their respective properties; the contribution of each to any property held by them as tenants by the entirety; the duration of the marriage; the husband's income, his earning capacity, his age, health, and ability to labor; and the wife's age, health, station and ability to earn a living.' *Nolan v. Nolan,* 20 Or App 432, 435, 532 P2d 35 (1975); quoting *Stettler v. Stettler,* 2 Or App 119, 121, 467 P2d 130 (1970)."

[2] ORS 107.105(1)(e), prior to amendment by Or Laws 1981, ch 775, § 1, provided:

"(e) For the division or other disposition between the parties of the real or personal property, or both, of either or both of the parties as may be just and proper in all the circumstances. The court shall view the contribution of a spouse as a homemaker in the contribution of marital assets. There is a rebuttable presumption that both spouses have contributed equally to the acquisition of property during the marriage. The court shall require full disclosure of all assets by the parties in arriving at a just property division."