Argued February 19, affirmed as modified March 17, 1975

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF
FERY, *Respondent, and* FERY (No. 83997),
*Appellant.*
532 P2d 1131

582

*Elton T. Lafky,* Salem, argued the cause and filed the brief for appellant.

*Robert E. Nordyke,* Salem, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

LANGTRY, J.

Appellant-husband seeks review of a dissolution decree contending that the court's award of child support is excessive, that the division of property between the parties is inequitable, and that an award of attorney fees to wife is invalid.

Husband (age 28) is a self-employed excavation contractor whose annual income fluctuates between $12,000 and $15,000. Although working only part-time as a telephone operator during the last two years of the marriage, wife (age 26) testified that her prior experience at that position would, if necessary, enable her to return to full-time employment at a salary

of approximately $600 per month. Neither party apparently suffers from any serious medical problems. There are two children, ages six and two.

Custody of children was granted to wife and husband was ordered to make monthly support payments of $175 per child until "* * * said children reach the age of majority, are emancipated or until further order of the Court * * *." In addition to her personal effects, an automobile, and essentially all household furnishings wife was awarded—subject to a mortgage for which she would be individually responsible— some 7¾ acres of real property upon which is situated both the family home and a 45' x 25' building formerly used for husband's business. This entire property, less encumbrance, is worth about $18,000. Husband received his personal effects and all items —tools and heavy machinery—necessary to the excavation enterprise, subject to indebtedness against it. Proceeds of the parties' joint savings and checking accounts were evenly divided, as were the net proceeds to be realized on the sale of livestock.

The determination of whether either an award of support or division of property is "just and proper"[1]

---

[1] ORS 107.105(1)(b) and (e) provide:

"(1) Whenever the court grants a decree of annulment or dissolution of marriage or of separation, it has power further to decree as follows:

"* * * * *.

"(b) For the recovery from the party not allowed the care and custody of such children, such amount of money, in gross or in instalments, or both, as may be just and proper for such party to contribute toward the support and welfare of such children. The court may at any time require an accounting from the custodian of the children with reference to the use of the money awarded.

"* * * * *.

in any given case necessarily requires consideration of interrelated questions involving many of the same factors. *See Siebert v. Siebert,* 184 Or 496, 502-03, 199 P2d 659 (1948); *Marrs and Marrs,* 20 Or App 320, 531 P2d 713 (1975); *Ray v. Ray,* 11 Or App 246, 250-51, 502 P2d 397 (1972); *Stettler v. Stettler,* 2 Or App 119, 121, 467 P2d 130 (1970). In conformance with these precedents and the applicable statute, the trial court appears to have attempted to provide the wife with property of a kind and support in an amount that would enable her to maintain a home for her children approximating the one they had known up to the time of the dissolution, while also seeking to make those assets necessary for the success of the husband's business available to him.

The allocation of property appears to be an equitable one with which we agree. A circumstance of this case, however, compels us to modify that provision of the decree requiring child support payments by husband.

As noted above, wife was awarded with the real property a building which had previously been used as a business headquarters by husband. Both parties agreed that continued use of the site by husband would be an unsatisfactory arrangement, and that some other equivalent structure would have to be found to meet his business needs. Additional testimony indicated that this storage and business building acquired by wife is commercially suitable for rental, and we infer that she can get an income from it comparable to what hus-

---

"(e) For the division or other disposition between the parties of the real or personal property, or both, of either or both of the parties as may be just and proper in all the circumstances."

band will be paying for new business quarters. Thus, from what might be expected if husband kept all of the business accoutrements, wife will be getting more from rental income than otherwise. The evidence indicates this will total $100 to $125 per month which can be used by her for family support. Husband will be receiving correspondingly less income by reason of having to rent business quarters. This circumstance appears not to have been given sufficient weight by the trial court. Accordingly, we conclude that husband's obligation to pay child support should be diminished to $125 per month per child.

The decree of the court below must also be modified by elimination of the provision for the payment by husband of $900 for wife's attorney fees. The amount of any attorney fee to be awarded is a question of fact to be determined upon pleading and evidence in the same manner as any other question of fact unless the parties specifically stipulate that the court may fix the fee without hearing evidence on that issue. The record in this case contains neither appropriate evidence nor a stipulation that it need not be introduced; the award of attorney fees was, therefore, erroneous. *State High. Com. et al v. Kendrick et al,* 227 Or 608, 363 P2d 1078 (1961). Our attention has been called to *Baratta and Baratta,* 18 Or App 261, 524 P2d 1233 (1974), where this court remanded a marriage-dissolution case for taking of evidence concerning attorney fees. While we did remand for such a purpose in *Baratta,* we note that the cases we cited as authority therefor (*Claude v. Claude,* 180 Or 62, 174 P2d 179 (1946), and 191 Or 308, 228 P2d 776, 230 P2d 211 (1951); and *Ray v. Ray,* supra) did not involve attorney fees. The remands in those cases were for taking evidence deemed necessary for valid distri-

butions of marital property. In *Ray* we noted a particular reluctance to remand even for that purpose. In any event we conclude that a remand is not justified under the circumstances here. The $900 fee allowed by the trial court must be deleted from the decree.

Affirmed as modified. Costs to neither party.