Argued June 16, affirmed in part; reversed in part July 14, 1975

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF
MAY, *Appellant, and* MAY (No. 16702), *Respondent.*

537 P2d 1181

*Jack L. Kennedy,* Portland, argued the cause for appellant. With him on the brief were Kennedy & King and Robert M. Greening, Jr., Portland.

*R. L. Marceau,* Bend, argued the cause for respondent. With him on the brief were Panner, Johnson, Marceau & Karnopp, Bend.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

SCHWAB, C. J.

In this child custody proceeding the father ap-

peals from an order which denied change of custody to him and which awarded an attorney's fee to the mother covering her legal expenses resulting from the father's motion to modify.

The marriage of the parties was dissolved in 1972. They have three children—girls aged eight and three at the time of the decree, and a boy, Darin, then five years old. Custody of all three was awarded to the mother. In June of 1974 the father filed a motion for change of custody.

At the hearing it developed that the father was serious only as to Darin, and on appeal he concedes that there is no basis for changing custody of the girls.

The father contends that Darin has emotional and behavioral problems which have worsened since he has been in the mother's custody and that a change of custody to the father would alleviate these problems. He produced some evidence tending to support these contentions, however, we agree with the trial judge that the evidence, expert and otherwise, to the contrary, produced by the mother was more convincing. Detailing that evidence here would not be of value to anyone.

Turning to the remaining issue we note that attorney's fees were never mentioned prior to or during the course of the in-court hearing which concluded on August 21, 1974. On December 9, 1974, the trial judge issued an opinion denying the motion to modify. On December 11, counsel for the mother wrote the judge outlining the number of hours he had spent on the matter and submitting a formal order providing for an award of attorney's fees in an amount to be fixed by the judge. This was the first mention of attorney's fees. On December 16, father's counsel wrote the court, stating, "Respondent never made a

request for attorneys' fees at any time during the trial of this case and I do not believe it is an issue."

On December 17 the judge signed the order denying the modification and awarding an attorney's fee of $1,000. No motion to reopen to put on testimony regarding attorney's fees was made. In *Fery and Fery*, 20 Or App 581, 532 P2d 1131 (1975), under similar circumstances, this court eliminated the trial court's allowance of attorney's fee, stating:

"* * * The amount of any attorney fee to be awarded is a question of fact to be determined upon pleading and evidence in the same manner as any other question of fact unless the parties specifically stipulate that the court may fix the fee without hearing evidence on that issue * * *." 20 Or App at 585.

The record here contains neither appropriate evidence nor a stipulation that it need not be introduced. The award of attorney's fees was therefore erroneous.

Affirmed in part; reversed in part.