Argued July 22, affirmed as modified August 11, 1975

In the Matter of the Dissolution of the Marriage of
DOWNEY, *Appellant, and* DOWNEY
(No. 406-772), *Respondent.*
538 P2d 942

*Francis E. Harrington,* Portland, argued the cause and filed the briefs for appellant.

*Eugene D. Cox,* Portland, argued the cause for respondent. With him on the brief were Fredrickson, Tassock, Weisensee, Barton & Cox and John R. Dudrey, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

Husband appeals from a marriage-dissolution decree, arguing that the court should have made a division of the marital property which gives more consideration to his contributions thereto.

The parties were married in Korea in 1966, they have two children, ages 7 and 6, and wife has a 16-year-old sister, Pok Ko, living with her and the children. Husband owned the family home in Portland before the marriage. He is a ship's carpenter, and has usually sought to ship out seven months of a year, and be ashore for five months. This regimen will produce about $14,000 per year income. During a period shortly before the marriage breakup, he shipped out steadily for about 16 months. His income for this time appears to have been around $34,000. Wife's counsel correctly points out that some part of this— the total of which is arguable, but we think at least $7,500—was unaccounted for in husband's testimony about his expenditures. No income tax returns or other satisfactory written evidence was offered by either party as proof of income.

At the time the stormy marriage was breaking up husband shot a gentleman friend of his wife at their home. A condition of his probation on the resulting assault charge was that he pay the victim $1,000 (apparently for medical expenses). Shortly after this incident the home was gutted by fire, necessitating rebuilding and complete refurnishing. The home is subject to a mortgage totaling around $8,000. The fire insurance proceeds are in cash, $8,000 of which is for refurnishing. The wife also had some $4,000 in cash she had taken from a joint savings ac-

count. This total of $12,000 was "frozen" by the court prior to the trial. Wife has had earnings of about $500 per month, but ceased to work for health reasons and received disability payments which have now ceased. There is no satisfactory evidence as to her future employment prospects.

The decree provides $135 per month per child for their support; no support was requested or allowed for wife. The home has been repaired by husband who delayed returning to sea to do the job himself. He has been paid as a carpenter for this work from the insurance proceeds. The home's value is sharply questioned but it appears with land to be worth a little over $25,000 in completely restored status.

Its ownership and possession subject to the mortgage was awarded to wife because she must have a home for herself and the children, but husband was awarded a lien against the home of $5,000 plus interest at 4 percent payable on remarriage of wife, death or voluntary abandonment, and in any event when the youngest child is 18. Vehicles and debts were divided; a tract of property in Clackamas County worth about $6,500 was awarded husband. Other relatively insubstantial assets were divided.

■ Of the $12,000 in cash, wife was awarded $11,000 and husband $1,000. A large part of this award to wife must go for furnishing the home. We have no way of knowing what weight the trial court put on the failure of husband to produce a better explanation of what happened to all of the money income from the 16-month period preceding the marriage breakup. In this de novo review, we conclude he had some substantial resource he did not tell about. Even with this, we think the $4,000 wife took from the savings account should be divided. Therefore, we concur in the trial

court's property division, except that husband is to get $2,000 of the cash and wife $10,000.

■ The court awarded to wife $500 on account of attorney fees. There was no evidence or stipulation to support the award, hence, we conclude that item must be deleted from the judgment. *See Fery and Fery,* 20 Or App 581, 532 P2d 1131 (1975).

Affirmed as modified. Costs to neither party.