Argued August 19, affirmed as modified October 13, 1975

IN THE MATTER OF THE MARRIAGE OF
FREY, *Appellant, and* FREY (No. 73-2225-E),
*Respondent.*
541 P2d 145

*Thomas C. Howser,* Ashland, argued the cause for appellant. With him on the brief were Cottle & Howser, Ashland.

*James L. Sutherland,* Medford, argued the cause for respondent. With him on the brief were Frohnmayer & Deatherage, Medford.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

FORT, J.

Appellant-husband appeals from a decree of dissolution of marriage and asserts two assignments of error: (1) that the trial court should have followed the property division in a "Family Settlement Agreement" entered into by the parties several months prior to the filing of this suit, and (2) that the trial court should not have granted respondent-wife $30,000 out of the family assets as a return of a prior inheritance before dividing the rest of the property.

■ Turning to the first question, we find no error. The trial court is not bound as a matter of law to approve a predissolution property settlement agreement. *Pierpoint v. Pierpoint,* 9 Or App 11, 14-15, 495 P2d 1236 (1972); *Brandt v. Brandt,* 9 Or App 1, 7, 495 P2d 1205 (1972).

■ Here the trial court rejected a "Family Settlement Agreement" entered into in July 1973. The petition for dissolution was not filed until December 28, 1973. The case was not tried until November 29, 1974, and the decree entered January 22, 1975. The agreement in question was made at the beginning of a trial

separation and not in anticipation of an imminent dissolution. While the court properly received it as evidence relevant to an equitable division of the property, it was clearly not bound by it.

■ The second assignment of error challenges the portion of the decree which awarded respondent a judgment of $30,000 to be satisfied from the ranch property jointly owned by them with the respondent's brother. That undivided one-half interest was the couple's major asset. Their remaining interest in the ranch was then ordered divided equally between them. Respondent had contributed approximately $30,000 that she had inherited during the marriage to make a portion of the downpayment on the ranch. In *Morgan v. Morgan*, 13 Or App 14, 507 P2d 409 (1973), this court held that assets inherited by one party to a marriage were not necessarily to be returned to that party in a property division on dissolution. In *Dietz and Dietz*, 271 Or 445, 533 P2d 783 (1975), the Supreme Court approved the rule set out in *Morgan*.

In *Ray v. Ray*, 11 Or App 246, 502 P2d 397 (1972), we said that the relevant factors to be considered in making a property division are

"'* * * the financial condition of the parties; the nature and value of their respective properties; the contribution of each to any property held by them as tenants by the entirety; the duration of the marriage; the husband's income, his earning capacity, his age, health, and ability to labor; and the wife's age, health, station and ability to earn a living.' [Citations omitted.]" 11 Or App at 250-51.

Applying that standard to all the real property, interests, and work histories of the parties, we conclude that the parties' undivided one-half interest in the ranch property should be divided equally between them. Otherwise, we agree with the trial court's decree.

Affirmed as modified.