Argued October 26, affirmed, no costs to either party, November 15, 1976

In the Matter of the Dissolution of the Marriage of
BACH, *Appellant,*
*and*
BACH, *Respondent.*
(No. 35991, CA 6609)

555 P2d 1264

*J. Philip Parks,* Salem, argued the cause for appellant. With him on the brief were Miller, Beck & Parks, Salem.

*Michael F. McClain,* Corvallis, argued the cause for respondent. With him on the brief were McClain, Brown, Evashevski & Marek, Corvallis.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

In this dissolution of marriage proceeding, wife appeals from that portion of the circuit court's order as to property division which varies from the terms of a property settlement agreement executed by the parties.

Husband and wife, aged 39 and 34 respectively, had been married 13 years at the time of the hearing below. Three children were born to them, twin boys now aged 8, and a girl aged 6.

Wife has a degree in secretarial science. Since the time of marriage, she has not been employed outside the home, with the exception of sporadic part-time secretarial jobs. Since the parties separated, she has been employed as a part-time at-home typist at a salary of $1,000 per month by a company owned by her father. In addition to this salary wife also receives health insurance for both herself and the children and the use of a car. Husband taught high school for the first two years of the marriage, and since that time has been employed as a salesman for several different companies. Husband is currently employed as a real estate salesman and earned $6,053.57 in 1975.

Wife is in good health, but husband is suffering from multiple sclerosis. Husband's physician testified that multiple sclerosis is an unpredictable progressive disease which attacks the central nervous system. No cure is known for the disease. The physician further testified that ominous changes in husband's condition had occurred over the past year and that husband would be soon confined to a wheelchair.

Though the wages earned by the parties have been modest, they have accumulated assets worth $216,068. Foremost among these assets are notes, known as the Truax notes, with a principal of $113,354 payable with six percent interest in twelve annual installments. These notes are traceable to an inheritance wife's father received from his father.

A property settlement agreement was executed by the parties nine months before the circuit court entered its decree. The agreement provided that wife would receive $163,628 of the assets, with husband receiving slightly in excess of $50,000 of the assets. This disparity in the distribution of the assets resulted from wife's receiving all ownership of the Truax notes in addition to half of the remaining assets. The agreement also provided that wife would have custody of the three children and that husband pay $33 per month in support for each child. After a hearing, the circuit court affirmed all aspects of the agreement except that it awarded half interest in the Truax notes to husband. This division had the effect of giving each party roughly half of the marital assets.

Property settlements made in anticipation of a dissolution proceeding are strictly enforceable only when they are equitable given the circumstances of the case.[1] Among the factors which must be taken into account when determining the proper property division is the health of each party and the potential each has for future income. *See Marrs and Marrs,* 20 Or App 320, 531 P2d 713, Sup Ct *review denied* (1975). In this case it is clear that husband's health has not only been deteriorating but will continue to do so. His ability to work will be increasingly limited and within a few years probably completely impaired. On the other hand, wife's salary combined with the periodic payout of her share of the Truax notes yields her an annual income of $16,000, and her share of the marital assets under this trial court's order is a not insignificant $108,458.80. Under these circumstances, the property settlement agreement did not make an equitable

---

[1] *Jensen v. Jensen,* 249 Or 423, 438 P2d 1013 (1968); *Prime v. Prime,* 172 Or 34, 139 P2d 550 (1943); *Taylor v. Taylor,* 154 Or 442, 60 P2d 942 (1936); *Hill v. Hill,* 124 Or 364, 264 P 447 (1928); *see Frey and Frey,* 23 Or App 25, 541 P2d 145 (1975); *Pierpoint v. Pierpoint,* 9 Or App 11, 495 P2d 1236 (1972). *See generally Sanborn v. Sanborn,* 3 Cal App 2d 437, 39 P2d 830 (1934); *Ballin v. Ballin,* 78 Nev 224, 371 P2d 32 (1962); *Richardson v. Richardson,* 69 Wash 2d 59, 417 P2d 157 (1966).

division of property, and the trial court correctly modified its provisions.

■ Wife next urges that $33 per month per child is an inadequate level of child support. Given the circumstances described above, we believe that the circuit court properly set the level of child support. *See Newman v. Newman,* 8 Or App 220, 493 P2d 71, Sup Ct *review denied* (1972).

Affirmed. No costs to either party.