Argued and submitted February 1,
affirmed as modified April 14, 1980

In the Matter of the Marriage of
CROSS,
*Respondent,*
*and*
CROSS,
*Appellant.*

(No. 24908, CA 15560)

609 P2d 405

David T. Viuhkola, Gladstone, argued the cause for appellant. With him on the brief was Henricksen & Viuhkola, Gladstone.

David Brian Williamson, St. Helens, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Thornton and Campbell, Judges.

THORNTON, J.

**THORNTON, J.**

The wife appeals from a decree of dissolution assigning as error the following:

1)  The awarding of only $85 per child per month as child support and $85 per month as spousal support, and failure to order husband to continue paying for medical, dental and life insurance coverage for the children;

2)  The inequitable manner of providing for the division of the equity in the family home; and

3)  The failure to award attorney fees to wife.[1]

The marriage here lasted 26 years and resulted in three children, ages 17, 16 and 14, all of whom still live at home. Both parties are in their mid-forties and in good health. The husband has a college degree and has done some postgraduate study. He has worked at several jobs and at the time of the hearing he was employed as manager of a lumber yard earning approximately $1,250 ($960 take-home) per month. The wife worked off and on during the course of the marriage and is currently employed as a teacher's aide during the school year, earning approximately $430 per month, and was working part-time as a bartender at the time of the hearing. She has a high school diploma but no special training or readily marketable skills.

The parties' main asset is a large family home which has a market value of approximately $60,000. It is subject to outstanding mortgages totaling about $11,000. The trial court awarded the home to the wife as her residence until June 1, 1981, at which time the house was to be sold and the proceeds divided equally between the parties.

---

[1] The wife also assigned as error failure to provide that the husband was to pay off certain debts of the family existing at the time of dissolution. This obligation was conceded by the husband.

[697]

1) In determining spousal support in cases such as this, where the marriage is of long duration and one spouse has provided the bulk of the family's income,

" * * * [t]he most significant factor is usually whether the wife's property and potential income, including what she can earn or can become capable of earning, will provide her with a standard of living which is not overly disproportionate to the one she enjoyed during the marriage." *Grove and Grove,* 280 Or 341, 348, 571 P2d 477, 280 Or 769, 572 P2d 1320 (1977).

The underlying basis for this guideline is that in most marriages terminating under these circumstances, there is not sufficient income to permit both parties to enjoy the same lifestyle they enjoyed during the marriage. Under the statute, this same principle and many of the same factors are applicable in setting the level of child support. *See* ORS 107.105(1)(b) and (c).

In this case, the wife testified that her monthly expenses for house payments, taxes, maintenance, utilities, food and transportation came to roughly $790 and her take-home salary is $430. The trial court award of spousal and child support totals $340. This leaves husband with $620 to meet his monthly needs. Under the circumstances, we believe that spousal and child support should be increased from $340 per month to $400 per month ($100 per child and $100 spousal support).

In order to increase her earning capacity to any great extent, the wife will most probably need to seek further education. In addition to working full-time, she will have parental responsibilities until her youngest child leaves home, which will make further education difficult during the next few years. Accordingly, spousal support is extended to run until June 5, 1985, two years after the youngest child turns 18.

The trial judge did not require husband to maintain health, dental and life insurance for the benefit of the children as the wife requested. The wife assigns this

failure as error. Our reading of the record leads us to believe that omission of this provision was an oversight inasmuch as the husband was apparently providing such coverage at the time of the hearing.[2] In any case, the decree is amended to require husband to maintain his life insurance policy or policies, and his medical and dental insurance (so long as obtainable through his employment) for the benefit of his children, such insurance to be coterminous with his duty to provide child support as to each child.

2) The wife requested that the family home be given to her subject to a $10,000 lien in the husband's favor. The trial judge ordered sale of the house in June, 1981, the proceeds to be divided equally. The decree also states (as does the court's letter opinion):

" * * * Respondent [sic, petitioner-husband] is granted the option, to be executed at any time prior to June 1, 1981, to purchase Respondent's [wife's] interest in said real property at its then fair market value, less 7 percent."

Since the husband requested this option, we assume the trial court intended that he have the right to buy out the wife's interest.

By statute, we presume that, taking into account the wife's contribution as homemaker, the parties contributed equally to the acquisition of property during the marriage. ORS 107.105(1)(e). There was no evidence to rebut that presumption. The division of equity in the family home, which represents the bulk of the parties' assets, was equal with the exception of the husband's option to buy the house at fair market value less 7 percent. The 7 percent reduction is deleted. The date of sale is postponed until June 1, 1983, after the youngest child has reached 18, and the husband's option to buy is subject to the wife's right to reside in the home until that date.

---

[2] The husband's petition for dissolution alleged that husband should be required to "maintain his existing life and medical insurance policies" for the children's benefit. There was no testimony on the matter at trial other than husband's passing acknowledgment of this obligation.

3) The question of attorney fees is one of fact. *Fery and Fery,* 20 Or App 581, 585, 532 P2d 1131 (1975). There was no evidence on the matter presented at trial.[3] There is therefore no basis for awarding attorney fees. *Id.*

Affirmed as modified. No costs to either party.

---

[3] The petition alleged that each party should be required to pay his own attorney fees. The wife, in response, filed only a notice of appearance. The only evidence was that the wife had been required to borrow to pay her attorney.